# ROBINSON vs. RICHARDS.

[ACTION OF DETINUE TO RECOVER MULES.]

1. *Detinue; for what, judgment must be rendered.*—In detinue, there is no option of delivering up the property or paying the value. On the contrary, the judgment and execution are absolutely for the restoration of the property, if the same can be found, together with the damages and costs; and only in the alternative as to the value, in case the property should be destroyed or eloigned.

2. *Damages.*—The damages go with the recovery, whether of the property or its alternate value.

3. *Judgment; when will be amended in supreme court.*—Where the verdict is right, the judgment will be amended from matter apparent on the record.

APPEAL from Circuit Court of Lowndes.
Tried before Hon. JAS. Q. SMITH.

THIS was an action of detinue, commenced by the appellant, M. O. Robinson, against the appellee, Aaron Richards, to recover the mules. Appellant having made the statutory affidavit and bond, the sheriff took into his possession two mules sued for; and appellee failing to give bond within the time prescribed by law, the mules were delivered to the appellant.

On the trial of the cause, the jury rendered a verdict in favor of the appellee, assessing the value of each mule separately, together with damages for their detention. The court, on this verdict, rendered judgment " that defendant (appellee) recover of plaintiff (appellant) the property sued

for, or the value as assessed, at his election, and also the damages as assessed, together with costs, &c."

There was no bill of exceptions, and the appellant brings the case here on the record, and assigns as error "the judgment rendered in this cause, as shown by the record."

J. F. CLEMENTS, and WILLIAMSON & FITZPATRICK, for appellant.—1. It is only necessary to look at the consequences of this judgment upon the rights of the sureties on the detinue bond, and the condition of the bond as required by section 2594, to make manifest its error. The bond gives the right to the sureties to *deliver the property* within thirty days after judgment, to discharge their obligation, except as to *damages for detention* and *costs of suit.* The judgment deprives them of this right, by giving to the successful defendant the right to *reject* the property, when tendered within thirty days after judgment.

2. The plaintiff in a detinue suit, if successful, had no right at common law to elect to take the *damages* instead of the *specific property.* He could demand the property by writ of *distringas,* but he never had the right to *refuse* the *property* when tendered, and make his election for the *damages.* The defendant, under the Code, has the same, and no more than the same, right, if successful, than the successful plaintiff had at common law. This judgment deprives the plaintiff of a right given him by statute, to protect his sureties by the delivery of the property.— *Wittick's Adm'r v. Keiffer,* 31 Ala. 197 ; 1 Chit. Pl. 124 ; *Haynes v. Crutchfield,* 7 Ala. 189 ; *Glasscock v. Hayes,* 4 Dun. (Ky.) 58.

3. The right to have the specific property on the one side, and to delivering the same on the other, were equal rights in favor of plaintiff and defendant respectively. The objection urged to this view by the appellee, that in the event of the destruction or injury of the property, pending the suit, the party recovering would be without remedy, unless he could elect to take the assessed value, is not well taken ; because, in the event of destruction of the property, the defendant being unable to deliver it, the only remedy is to have the assessed value ; and as to any decrease of value by *usual wear and tear,* the damages for detention

cover it; and for any damage caused by the fault or neglect of the party in possession, he would be liable in an action on the case.— *Glasscock v. Hayes*, 4 Dunc. (Ky.) 58.

4. It is urged that, although the judgment is erroneous, as the verdict is sufficient there should be no reversal, but a correct judgment rendered by this court. A judgment of this court amending and confirming an erroneous judgment below, will only be made when it is apparent that no injury can result therefrom. In this case, injury has resulted from the erroneous judgment. The bond of the plaintiff would be satisfied only by delivery of the property named within thirty days, and paying damages for detention and costs of suit. If this judgment stands, or is amended and affirmed, more than thirty days having expired since the judgment, the plaintiff in error and his sureties have been deprived of the right to discharge the bond by compliance with its own terms. The bond stipulates, in the event of failure, for the delivery of the property; the judgment authorizes the rejection of the property, and makes a tender thereof in compliance with the bond nugatory. It nullifies section 2596 of the Code. If the party recovering has a right of election to take the property or the value, it makes the bondsmen liable for what they have not undertaken. The statutory judgment can be rendered by the clerk, without notice, on the return of the sheriff.— *Young v. Willett*, 8 Bas. (N. Y.) 486.

5. The judgment is erroneous also, in that it allows to the party recovering the assessed value and the damages for detention. The damages for detention are not allowable when the assessed value is recovered on execution, but only when the property is delivered.— *Garrett v. Wood*, 3 Kansas, 231.

WATTS & TROY, *contra.*—1. At the common law, the plaintiff, when he recovered in an action of detinue, was entitled to a judgment *in the alternative* for the property he recovered, or for the value thereof as assessed by the jury, and damages for the detention.—1 Chit. Pl. top page 124, marginal page 125 ; 2 Shars. Black. 152 ; *Brown v. Brown*, 5 Ala. 508.

2. The reason why the judgment was required to be in the alternative was, that the plaintiff might, if he chose to do so, have process a *distringas* to compel the delivery of the property in *specie;* or, if this could not be done, then that he might have the money value of the thing sued for and recovered. The *election* was always left to the plaintiff. The right to have a *distringas* to force the defendant to deliver, necessarily involved the right of election in the plaintiff.— *Garland v. Bugg,* 5 Mun. 166 ; *Waite v. Dolby,* 8 Humph. 406; 2 Shars. Black. note to top page 152.

3. The statute (Code, § 2595) authorizes the judgment, when the jury find for defendant, to be for the property or its alternate value, with damages for detention. The case of *Keiffer and Wife v. Wittick,* 31 Ala. 200, holds that the defendant, when he recovers, must have the same right that the plaintiff would have if he recovered. Each has a right to a judgment in the alternative. Section 2598 of the Code (section 2197 of the old Code) declares that *any* party recovering specific property *may* compel its restoration, when practicable, by a writ of *distringas,* or by moving for an attachment. This certainly gives the same right of *election* to a defendant, when he recovers, as the plaintiff had at commencing. The plaintiff or defendant recovering in an action of detinue, may take his choice to take the property or its assessed value. If the property should be less valuable at the time of trial or at the time of execution, by reason of any cause, the party recovering must have the right to take the value, or else injustice would be done him by the party in fault. Suppose the mules, by reason of overwork or little feeding, should become less valuable, the only remedy the party recovering would have would be to take the *assessed* value ; otherwise, he would be injured by the party in fault.

The value of the property is assessed at the time of the wrongful taking and detention, and it would always be in the favor of the party *in fault* to injure the other party, if he had the right to deliver the property when, by his own fault, it has become less valuable.

It has been a long time settled in Alabama, if the thing recovered is destroyed, the party against whom the re

covery is had must pay the assessed value, although the destruction is without his fault.  Because, being clearly in fault by the wrongful detention, as conclusively shown by the verdict of the jury and judgment of the court, he is not in position to claim the exemption which would otherwise accrue to one by reason of inevitable accident.

If it should be held that the judgment was wrong, there ought not to be a *reversal ;* the correction should be made in this court.   There could not be a trial *de novo,* because the verdict of the jury is sufficient to authorize the correct judgment, whatever it may be.—*McAllister  v. McAllister,* 12 Ired. 184.

B. F. SAFFOLD, J.—In  detinue, the  judgment  is  for the specific thing detained, or its value, together with  the damages occasioned by the detention, with costs.—1 Chit. Gen. Pract. 812.   There is no  option  of  delivering up the goods or paying the value, but on  the  contrary, the  judgment  and  execution  are  absolutely for  the restoration of the chattel, if the  same can  be found, together with damages and costs ; and only in the alternative as to the value, in  case  the  chattel  should  be  destroyed  or  *eloigned.*— 1 Chit. Gen. Pract. 814.

The Revised Code does not  change  the  common law in this respect, but is in conformity with it.—§§ 2595, 2596.

In *Witticks, Adm'r, v. Keiffer,* 31 Ala. 199, there is a slight intimation of an election of the wrong-doer, but this can only refer to the  power  he  has  of *eloigning* the property, else why allow a *distringas,* or  attachment ?

The damages go with the recovery, whether of  the chattel or its alternate value.

As the verdict is right, we will amend  the  judgment by striking out the words " at his election," on the authority of *Brown v. Brown,* 5 Ala. 508.

The judgment is affirmed.