# Auerbach *v.* Blackman.

### *Action of Detinue.*

1. *Nonsuit by plaintiff; verdict; judgment.*—Where a plaintiff in a detinue suit, having given proper bond, executes a forthcoming bond on defendant's failure to replevy, and receives the property from the sheriff, and upon the trial takes a *nonsuit*, and a jury is called, who assess the value of the property and damages for its detention, judgment is properly rendered against the plaintiff for the property or its alternate value, together with damages for the detention and costs of suit.

2. *Same; verdict unnecessary; judgment contemplated.*—In strictness a verdict "*for defendant*" would be unnecessary, since the taking of *nonsuit* is a declaration of record that the plaintiff has failed in the suit, and authorizes the intervention of a jury to assess the value and damages upon which a judgment should be rendered, that might as nearly as possible restore defendant to the situation he was in when the suit was brought.

3. *Verdict may be oral; when becomes part of record; presumption.*—The verdict of a jury may be orally rendered; and it becomes, in their own language, a part of the record only when incorporated in the judgment-entry, under the superintendence of the presiding judge, or in a bill of exceptions prepared by one of the parties. Hence, if a jury after assessing the value of the property, &c., make a blunder in finding the issue in favor of the plaintiff,

[Auerbach v. Blackman.]

when no such issue was before them, this court will presume that the court below called their attention to their error, and that it was by them corrected so as to agree with the judgment-entry, and will not look at what purports to be their verdict—improperly set forth by the clerk in the record—to ascertain what their verdict was.

APPEAL from the Circuit Court of Pike. Tried before the Hon. H. D. CLAYTON.

W. D. WOOD, for appellant.—1. As the verdict of the jury was for the plaintiff, the judgment should have also been for him, and this court should render the proper judgment without remanding the case.

2. The judgment-entry is erroneous. The judgment recites that the plaintiff took a nonsuit, and the court referred it to the jury to ascertain the value of the horse sued for, and damages for detention. The nonsuit was the end of the case, and no judgment could be rendered, except for the costs.—*Savage v. Gunter*, 32 Ala. 467 ; Revised Code, § 2594.

W. D. ROBERTS, *contra*.

MANNING, J.—1. Appellant sued in *detinue* to recover of appellee a horse which, under the process, was taken by the sheriff into his possession from appellee, the defendant below. And the latter having failed to give a bond within five days for the replevy of the horse, he was delivered to plaintiff upon his having executed a bond therefor,' according to section 2943 (2594) of the Code of 1876, "with condition to deliver the property to the defendant within thirty days after judgment, in case he fail in the suit, and to pay damages for the detention of the property and costs of suit." The next section, 2944 (2595) of the Code, enacts that: "Upon the trial of any cause for the recovery of property *in specie*, the jury must, if they find for plaintiff, if practicable, assess the value of each article of property separately, and also find damages for its detention ; if they find for defendant, they must in like manner assess its value, and if in possession of the plaintiff, assess damages for its detention. Judgment against either party must be for the property sued for, or its alternate value with damages for the detention to time of trial." At the trial plaintiff took a nonsuit; and upon reference to the jury, they assessed the value and the damages, upon which the court rendered a judgment that defendant recover of plaintiff the horse or its alternate value, and the damages for detention assessed by the jury. The rendition of this judgment is here assigned as error.

[Auerbach v. Blackman.]

2. Perhaps, the jury did not in strictness "find for the defendant." This was made unnecessary by plaintiff's taking. a nonsuit, and thus acknowledging that he failed in the suit. And as the condition of his bond, prescribed by statute, was that he should " deliver the property to the defendant within thirty days after judgment, *if he fail in the suit*, and pay damages for the detention of the property and cost of suit," construing the two sections of the Code together, the event seems to have occurred which made it proper, under the second one, for the jury to assess the value and damages upon which a judgment should be rendered, that might as nearly as possible restore defendant to the situation he was in when the suit was brought. A different construction would enable one person to use the process of the court—not for the purpose of having the question of title decided— but to obtain possession from another of property presumably belonging to the latter, and of keeping it, without any trial of the right, not only so long as the action could be kept pending and undecided, but also until the determination of another action to be brought by the defendant against the plaintiff, after the latter had taken a *nonsuit* in the original cause. And, then, if the defendant should be too poor to maintain a new litigation, he might lose his property entirely, by a mere abuse of the process of the court. In the case of *Savage v. Gunter* (32 Ala. 467), the question to be decided was not, whether, as in this case, when a plaintiff in an action of detinue takes a nonsuit, the defendant is entitled to a judgment that the property of which he has been dispossessed by the process therein, shall be delivered back to him, but whether, after a nonsuit taken by the plaintiff in such action, he as defendant in a suit afterwards brought upon the bond given by him to obtain the property was precluded from showing in mitigation of damages, that the property really belonged to him. And this was decided negatively, that he was not precluded, because the action terminated by a nonsuit and not by a trial. This decision is not inconsistent with our holding also, that the defendant. in the original suit, from whom the property was taken and delivered to plaintiff therein upon his entering into bond to deliver it back if he failed in that suit, was entitled to have it so delivered by a judgment of the court in that cause. This would. not hinder the plaintiff therein from bringing another suit for the same property if entitled to maintain it.

3. We can not look at what purports to be the verdict of the jury, improperly set forth by the clerk in the record, to

[Gaillard, Adm'r v. Duke et als.]

ascertain what their verdict was. If they by a blunder returned, with their assessment of the value of the property and damages for the detention, that they found the issue in favor of plaintiff, when no such issue was submitted to them, we must presume that their attention was called by the court to the error, and that it was by them corrected so as to agree with the judgment-entry. The verdict of a jury may be orally rendered; and it becomes, in their own language, a part of the record, only when incorporated in the judgment-entry under the superintendence of the presiding judge, or in a bill of exceptions prepared by one of the parties.

Let the judgment of the Circuit Court be affirmed.