## Swantz v. Pillow.

1. REPLEVIN: *Delivery of specific property : Alternative judgement.*

In replevin the delivery of the property to the plaintiff is the primary object of the action, and under the form of judgment provided for in *Mansf. Dig.*, sec. 5181, the value is to be recovered in lieu of it, as an alternative "only in case a delivery" of the specific property cannot be had.

2. SAME: *Retention of property by defendant after judgment against him.*

In an action of replevin after a judgment in favor of the plaintiff "for the delivery of the property or for the value thereof, in case a delivery cannot be had," the defendant has no right to pay the assessed value of the property and retain it as his own, against the will of the plaintiff, although he has given a bond conditioned for the performance of the judgment, and thus had the property restored to him by the sheriff, as provided for in *Mans. Dig.*, sec. 5581.

3. SAME: *Purchase of property pending action.*

A writ was issued commanding the sheriff to take from the defendant in an action of replevin, a certain mule for the delivery of which the plaintiff in the action had obtained judgment. The mule was found in the possession of one who had purchased it from the defendant in replevin, while the action was pending, and with actual notice of the litigation. *Held :* That the purchase of the mule was at the peril of the buyer, who must abide the result of the action the same as the defendant therein, and it was the duty of the sheriff in executing the writ to take the animal from the purchaser although he had paid full value for it.

APPEAL from *Phillips* Circuit Court.

M. T. SANDERS, Judge.

### STATEMENT.

This was an action of replevin brought by Swantz against Pillow, the sheriff of Phillips county, to recover a mule which Pillow took from the possession of Swantz under a writ issued to him from the circuit court. The cause was tried by the court, sitting as a jury, upon an agreed statement of facts in substance as follows : On the 2nd day of March, 1886, L. A. Fitzpatrick brought an action of replevin in a justice's court against O. D. Hudson to recover possession of a black horse mule. An order of delivery was issued in that action and placed in the hands of an officer authorized to execute it, and Fitzpatrick executed in the presence of such officer the bond required by law. The officer there-

upon took the mule from the possession of Hudson, but within two days after its seizure Hudson caused to be executed, with sureties to the satifaction of the officer, a bond, as provided in *section* 5581 *Mansf. Dig.*, and the mule was restored to him.   A trial of that action was had, and from the judgment rendered therein by the justice, an appeal was prosecuted to the Phillips circuit court, and on the trial of the appeal, the mule was adjudged to be the property of Fitzpatrick.   Before the trial of the appeal, the appellant, Swantz, bought the mule from Hudson and paid for the same the sum of $125, which was its full market value.   At the time of his purchase, Swantz knew that the action of Fitzpatrick to recover the mule was pending.   Upon the trial of the appeal Fitzpatrick obtained a judgment against Hudson to the effect that he recover of Hudson the mule mentioned if to be had; if not $75 for its value, and $10 for its detention, together with costs.   And it appearing to the court that E. H. Ross was surety on the bond given by Hudson to retain the mule, it was further adjudged on said appeal that Fitzpatrick recover of Ross the sum of $75, the value of the mule, and $10 damages for the detention of the same, together with all costs for which it was ordered that execution might issue.  On the 29th day of May 1886, there was issued from the office of the clerk of the Phillips circuit court, and directed to the sheriff of that county, an execution in the following words:   "You are commanded that you take from the possession of O. B. Hudson one black horse mule, which L. A. Fitzpatrick, late in our Phillips circuit court recovered against him, and make, of the estate of O. B. Hudson and E. H. Ross, the sum of ten dollars, which said Fitzpatrick recovered against said Hudson for damages for the detention of the said mule ; and if you fail to find or get said mule, then you are commanded that you cause to be made the sum of seventy-five dollars, the value of said mule.

and the sum of ten dollars which was recovered for the detention of said mule, which L. A. Fitzpatrick late in our Phillips circuit court recovered against O. B. Hudson and E. H. Ross, his surety, for the value of said mule and damages, with interest at six per cent from the 28th day of May, 1886, and the sum of sixteen and 90-100 dollars for the costs in this behalf expended; and that you make due return of this writ in sixty days, showing how you have served the same. In witness: J. F. Humphries, Clerk." The sheriff in his effort to execute this process did not find the mule described in the writ in the possession of the defendant O. B. Hudson, but did find it in the possession of the appellant Swantz, who informed the sheriff that he was the owner of the mule by virtue of his said purchase. But notwithstanding this claim, the appellee, Pillow, took the mule and delivered it to Fitzpatrick. At the time of the taking of the mule from Swantz, its value was $112.50, and the value of its use from the time of the taking was $12.50. The finding and judgment of the court were for the defendant, and the plaintiff appealed.

*James P. Clarke* for appellant.

The appellee was a trespasser, because the writ under which he acted commanded him to take the animal from Hudson, and if he failed to find it, to make a certain sum of money out of Hudson, etc. This did not authorize a taking from Swantz, he claiming the mule as his own by virtue of a purchase from Hudson before judgment in the replevin case. *Wells on Replevin*, secs. 267, 264, 5–6. Under our statute, the bond takes the place of the property, and the defendant has the election to return the property or pay its value. 7 *Cal.*, 568; see also 9 *N. Y.* 470; *Ib.*, 559; 37 *Ark.*, 548.

*J. J. & E. C. Hornor* for appellee.

1. In replevin the writ of possession runs against the

property ; replevin is designed to recover the *specific personal property*. *Mansf. Dig., sec,* 5571; *Wells Repl., sec.* 33. The bond executed under *sec.* 5581 *Mansf. Dig.,* serves only to allow defendant to retain possession until the right of possession is adjudicated. Its effect is that he will perform *the judgment of the court.* The judgment must be in the alternative, but the right to a return of the property *in specie* cannot be taken away. *Mansf. Dig., secs.* 5145, 5181; 10 *Ark.,* 511 ; 14 *Id.,* 427 ; 29 *Id.,* 383 ; 37 *Id.,* 550. The property, even though retained by defendant, is *in custodia legis*. *Wells Repl., secs.* 40, 395 ; 28 *Kans.,* 446 ; 42 *Ill.,* 34. The real owner is entitled to recover of an *innocent purchaser* if the property is sold. *Wells Repl., see.* 476 ; 11 *Cal.,* 262 ; 113 *Mass.,* 402.

2. Appellant acquired no rights against the prevailing party, having purchased *pendente lite*. *Well Replevin, sec.* 476 ; *Freeman Ex., sces.* 171, 194 ; 11 *Ark.,* 411 ; 12 *Id.,* 421 ; 16 *Id.,* 175 ; 76 *N. Y.,* 121 ; 1 *Dana,* 578.

3. Appellant had actual notice of the claim asserted against his vendor. 112 *U. S.,* 183.

### OPINION.

COCKRILL, C. J. In replevin, the delivery of the property is the primary object of the action. The value is to be recovered in lieu of it, as an alternative only "in case a delivery cannot be had" of the specific property. *Mansf. Dig., sec.* 5181. Whatever purpose beneficial to the defendant the judgment in the alternative may serve, it is not put in that form to give one who has been adjudged to be in the wrong, his election to pay the assessed value and retain the property as his own, against the will of the party to whom the judgment of the court. has awarded it. The point was so ruled in *Harris v. Harris,* 43 *Ark.,* 535. That was an action of replevin;

1. REPLEV-
IN :
Delivery
of specific
property :
Alternative
judgment.

Swantz v. Pillow.

the judgment was for the plaintiff for the delivery of the property; there was no assessment of its value and no alternative judgment. The omission to assess the value and render a judgment in the alternative was held not to be prejudicial to any right of the defendant, because the property was under the control of the court, and, therefore, capable of certain delivery under its order. If the defendant had been entitled as of right, to have an assessment of the value so that he might pay it and take the property, the judgment would have been reversed. See too *Kennedy v. Clayton, 29 Ark.,* 279.

2. SAME: Retention of property after judgment against him.  The appellant's contention that the bond required to enable a defendant in replevin to retain the property, stands for all purposes in lieu of the property itself, would lead to this, that a party without color of right acquires an absolute title against the true owner, who sues him for the possession of specific articles of personal property by the execution of a bond to retain the possession. If that result had been contemplated by the legislature, the provision directing delivery of the property to the plaintiff in case the verdict is in his favor, would not have been added. *Sec.* 2181, *sup.* Provision for a personal judgment only would have been made in that event. The condition upon which the defendant retains the property, is that he will perform the judgment of the court in the action. *Mansf. Dig., sec.* 5581. If the plaintiff recovers, the judgment of the court in the first instance is for the delivery of the property. [*See.* 5181, *sup.; Hanf. v. Ford,* 37 *Ark.,* 550; *Jetton v. Farris,* 29 *Id.,* 383.] The delivery is, therefore, as much a part of the defendant's undertaking as if it were so stipulated in the bond. When the stipulation is required, there is no doubt of the obligation to perform it when the judgment is against the party executing the bond. *Freeman*

*on Ex.*, sec. 468; *Wells on Replevin*, sec. 476; *Brunker v. Dyball*, 42 *Ill.*, 34; *Lockwood v. Perry*, 9 *Met.*, *Mass.*, 446; *Hunt v. Robinson*, 11 *Cal.*, 262; *McKinney v. Purcell*, 28 *Kans.*, 446; *Lovett v. Burkhart*, 44 *Penn St.*, 173.

One who purchases property in suit with actual notice of the litigation, as the plaintiff in this action did, does so at his peril, and must abide the result the same as the party from whom he got his title. *Cases supra.*

3. SAME: Purchase of property, pending action.

It was the duty of the sheriff, therefore, to take the mule in question from the plaintiff, notwithstanding he had paid the defendant in replevin full value for the animal. *Hoffman v. Conner*, 76 *N. Y.*, 121; *Freeman on Ex.*, sec. 475.

The appellee was not guilty of conversion in taking the animal under the writ issued in pursuance of the judgment for the delivery to the plaintiff in replevin, and the judgment is right.

Affirm.