# Greene *v.* Lewis.

*Statutory Detinue for Horse.*

85 221
98 180
85 221
104 240

1. *Sale of personalty; when title passes.*—When a horse is sold and delivered to the purchaser, "for a reasonable price to be afterwards agreed on," the title at once passes; "and the fact that they can not afterwards agree on a reasonable price, makes no difference," nor does it enable the seller to recover the animal by action.

2. *Form of judgment.*—In detinue, or the corresponding statutory action for the recovery of personal property *in specie*, verdict being rendered for the plaintiff, assessing the alternate value of the property, and damages for its detention, the judgment should follow the verdict, and the omission of the alternate value as assessed is an error.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by John F. Lewis, against A. M. Greene, to recover a Texas pony, with damages for its detention; and was commenced on the 10th April, 1885. The cause was tried on issue joined on the plea of not guilty, and resulted in a verdict for the plaintiff, under the rulings of the court; the jury assessing the value of the pony at $75, and the damages for its detention at $50. The judgment sets out this verdict, and then proceeds: "It is therefore considered by the court, that the plaintiff recover of the defendant the property sued for, to-wit, one Texas pony," describing it, "besides the said $50 damages so assessed, with costs of suit; and it is further ordered and adjudged, that the clerk issue a writ to the sheriff, commanding him to seize the said Texas pony, and turn the same over to plaintiff."

On the trial, as the bill of exceptions states, there was evidence tending to show that the defendant acquired the possession of the pony, in the spring of the year 1882, under a loan from the plaintiff for the rest of the year, under a

[Greene v. Lewis.]

contract of hire or renting for the rest of the year, and under a contract of purchase; "and there was, also, evidence tending to show that there was no sale." The defendant testified in his own behalf that, in the fall of the year 1882, while the pony was in his possession, plaintiff came to his house, and said, "I will sell her to you at a reasonable price, and allow you $25.00 for breaking her;" that he at once replied, "I will take her on these terms;" that the pony was left in his possession until the early part of 1885, when plaintiff came to his house, and said that he was willing to take $60 for her; that he agreed to this proposal, but claimed a set-off of about $16.00 or $17,00, the amount of an account he held against plaintiff's wife; that plaintiff would not consent to this, and rode away, but sent word the next day that he would allow the account as a set-off, but would not take less than $75.00 for the pony. The defendant proved, also, "that after said alleged sale, in the fall of 1882, he proposed to plaintiff to leave it to disinterested men to say what the pony was reasonably worth;" but this evidence was excluded, on objection by the plaintiff, and the defendant excepted. The defendant asked the following charge in writing, with others, and duly excepted to its refusal: "(3.) If the jury believe from the evidence that the plaintiff sold the pony to the defendant, and delivered her to him, for a reasonable price, to be afterwards agreed on, then they must find for the defendant; and the fact that they could not afterwards agree on a reasonable price, makes no difference."

The refusal of the several charges asked, the judgment of the court, and other matters, are now assigned as error.

WM. J. SAMFORD, for the appellant.

GEO. P. HARRISON, contra.

SOMERVILLE, J.—The plaintiff's right of recovery in this case depends on the inquiry, as to whether he had *sold* the horse in controversy to the defendant. If he had, he thereby parted with his title to the property, and could not recover in this action; otherwise he could. There is a phase of the evidence which not only tends to prove a sale, but tends also to prove that the price of the horse was left open for future adjustment between the parties. The rule is settled, that the title to personal property may pass to a vendee, without fixing an absolute price, if the circumstances

[Lassiter v. Thompson.]

attending the transaction satisfactorily show such to be the clear intention of the contracting parties.—*Shealy v. Edwards*, 73 Ala. 175; s. c., 75 Ala. 411; *Wilkinson v. Williamson*, 76 Ala. 163. It is sufficient for the purposes of this case to decide, that the Circuit Court erred in refusing to give the third charge requested by the defendant.

As the whole case turns mainly on the question, whether there was a sale of the horse at a price to be agreed on in the future, or on credit and for a *quantum valebat*, and this is rather a question of fact than of law, under proper instructions from the court, we will not notice the other charges.

The judgment, being in detinue, should have been "for the property sued for, *or its alternate value*, with damages for its detention to the time of trial."—Code, 1886, § 2719; *Wittick v. Keiffer*, 31 Ala. 199; *Auerbach v. Blackman*, 57 Ala. 616; *Robinson v. Richards*, 45 Ala. 354; 1 Brick. Dig. 577, §§ 99, 107–108; 3 Brick. Dig. 308, §§ 40 *et seq.* All mention of alternate value is omitted from the judgment, although specified in the verdict. We call attention to this error, that it may not be repeated on another trial.

Reversed and remanded.