BILBY *v*. FOOHS.

Opinion delivered May 3, 1909.

REPLEVIN—RESTORATION OF PROPERTY—FORM OF JUDGMENT.—Where, in an action of replevin, the property was delivered to the plaintiff at the beginning of the suit, and was in his hands at the time of trial, when judgment was rendered in favor of defendant for return of the property, the failure of the court to render judgment in the alternative, for the delivery of the property or its value, was not prejudicial to

plaintiff, as defendant was entitled absolutely to a restoration of the property.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Edwin Pettit* and *C. E. Pettit,* for appellant.

1. The findings of the court do not show the value of the property, Kirby's Digest, § 6867; Ter. Dig. 458; Laws of Ark., 1835, p. 458; Rev. Stat. of Ark. pp. 659-667, § § 39-45; Kirby's Digest, § 6868. The word "may" means "shall" or "must." 5 Ark. 85; 77 Fed. 374-5; 23 C. C. A. 196. This failure to find value is reversible error. 43 Ark. 540; 44 *Id.* 212.

2. The judgment must be in the alternative. 10 Ark. 511; 37 *Id.* 548; 44 *Id.* 212. See also 14 *Id.* 426; 29 *Id.* 270, 372.

3. This failure was prejudicial error. 50 Ark. 300; 70 *Id.* 348; 44 *Id.* 210; 43 *Id.* 540.

4. Appellant had the right to appeal from the default judgment. 29 Ark. 304.

*H. A. Parker,* for appellee.

1. The object of replevin is get *the property.* If a party wins the suit, he has *the property,* and it is not in the power of the losing party to say, "Well, I'll pay you so much." 50 Ark. 33.

2. Appellant could waive a statutory right and did so. Cobbey on Replevin, § 1108.

3. Even if the statute did or does require the judgment to be in the alternative, appellant cannot complain for he was not prejudiced. Cobbey on Replevin, § 1108, and the many cases cited.

4. All remedial statutes in replevin or attachment are cumulative. For the history of the legislation in Arkansas see 44 Ark. 202; Act Nov. 10, 1875, p. 7; Kirby's Digest, § § 6870-71; Kirby's Dig., § 390; 68 Ark. p. 320.

5. Appellant cannot complain because the court gave appellee *less* than he was entitled to. No assessment of damages or judgment for value was necessary, and more especially in a case where judgment is by default. 11 Ark. 9; 68 *Id.* 320.

*Pettit & Pettit,* in reply.

The statute is imperative; the judgment must be in the al-

ternative. It is so held in all States having similar statutes. 27 Barb. N. Y. 24; 59 Ky. (2 Metc.) 499; 32 So. Car. 184; 3 Wash. St. 247; 12 Ind. 405; 40 Neb. 553; 67 Cal. 606; 91 *Id.* 288; 3 Kans. 235; 88 Wisc. 401; 47 Miss. 254; 28 Mo. 360; 24 N. J. Law (4 Zab.) 162; Cobbey, Replevin (2 Ed.), p. 658, art. 1105; 28 Fed. 872.

HART, J. This is an action of replevin brought in the Arkansas Circuit Court by John S. Bilby against John Foohs for a lot of staves alleged to be the property of the plaintiff. This is the second appeal of the case. The opinion on the former appeal is reported in 83 Ark. p. 234 (*Foohs* v. *Bilby*), to which reference is made for a statement of the issues involved in that appeal. The judgment was reversed, and the cause was remanded for a new trial.

When the case came on for hearing again in the circuit court, the plaintiff failed to appear and prosecute the suit further. The court, after hearing the evidence adduced by the defendant, found that the title to 1,520 staves involved in the suit was in the defendant, but that the plaintiff had possession of them. Judgment was rendered in favor of the defendant for the possession of said staves, but no alternative judgment was rendered for the value thereof. The plaintiff has duly prosecuted an appeal to this court.

Sec. 6868 of Kirby's Digest provides that "where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return can not be had, and damages for the taking and withholding of the property."

Upon the finding of the court there should have been a judgment in the alternative for the possession of the staves, if they could be had, or their value at the commencement of the suit. This has been so often decided by this court as to render a citation of authorities unnecessary. Indeed, the authorities hereinafter referred to fully establish the rule.

In the case of *Cathey* v. *Bowen*, 70 Ark. 348, the court held: "A defendant in replevin will not be prejudiced by a judgment against him for the value of the property, and not in the alternative, if it appears that a judgment for delivery of the property could not have been executed." In discussing the question the

court said: "While it is better to follow the form prescribed by the statute in entering judgments in replevin, yet, where the record shows conclusively, as it does here, that a judgment for delivery could not have been executed, the error or irregularity could not have been prejudicial to appellant. It was not an error for which the judgment should be reversed."

The effect of this decision is to hold that the failure of the court to render an alternative judgment is not reversible error where the record shows that the form of the judgment could not be prejudicial to the party seeking to reverse it.

In the present case there is no bill of exceptions and no motion for a new trial. The judgment recites that the "court further finds that plaintiff has possession of said 1,520 staves;" that is to say, the court found that 'at the time of the rendition of the judgment the plaintiff had in his possession the staves in controversy. It follows, therefore, that the only question presented by the record is, did the court commit prejudicial error in not rendering an alternative judgment for the value of the staves?

In the case of *Swantz* v. *Pillow*, 50 Ark. 300, the court held: "In an action of replevin after a judgment in favor of the plaintiff 'for delivery of the property or for the value thereof, in case a delivery cannot be had,' the defendant has no right to pay the assessed value of the property and retain it as his own, against the will of the plaintiff, although he has given a bond conditioned for the performance of the judgment, and thus had the property restored to him by the sheriff, as provided for in Mansf. Dig., sec. 5581." That section of Mansfield's Digest corresponds with section 6863 of Kirby's Digest above referred to. In effect, the court held that the delivery of the property to its rightful owner is the primary object of a replevin suit.

In a case where the property is delivered to the plaintiff at the institution of the suit upon his giving the bond prescribed by the statute, the defendant becomes the one seeking a return of the property; and, upon a judgment being rendered in his favor, he has an absolute right to have the plaintiff restore the property to his possession. It necessarily follows that, the court having found that the staves were in the possession of the plaintiff at the time of the rendition of the judgment and the findings in that re-

spect not being questioned by this appeal, no prejudice resulted to the plaintiff from the failure of the court to render an alternative judgment against him for the value of the staves. This being the effect of our own decisions, it is not necessary that we should review or discuss the decisions of other courts cited by counsel for appellants.

Finding no prejudicial error in the record, the judgment is affirmed.