## LESS *v.* GRISMORE-HYMAN COMPANY.

Opinion delivered May 21, 1923.

REPLEVIN—ALTERNATIVE JUDGMENT—TENDER OF PROPERTY.—Where an alternative judgment is rendered in replevin, a surrender of the property and acceptance thereof by the plaintiff satisfies the judgment except as to costs.

Appeal from Crittenden Circuit Court, First Division; *W. W. Bandy,* Judge; affirmed.

*Berry & Wheeler,* for appellant.

There was no delivery of the logs to appellant after he recovered judgment for them in the replevin suit, and he is entitled to recover their value of the sureties on appellee's bond, executed as required by § 8649, C. & M. Digest. 7 Ark. 462; 47 Ark. 202; 114 Ark. 257; 23 R. C. L. 903; 3 Wend. 54; 26 Okla. 707; Ann. Cas. 1912-B 302; 107 Pa. 583.

*W. P. Briggs* and *S. V. Neeley,* for appellee.

The logs were on appellant's land, had never been removed therefrom, and he notified appellee not to come on the land nor attempt to take anything off the place except by law. The logs were delivered to him. The law does not require an unnecessary or vain thing. 93 Ark. 497; 136 Ark. 40. The evidence is amply sufficient to support the judgment, and it will not be disturbed. 107 Ark. 281; 111 Ark. 190; 114 Ark. 170; 90 Ark. 512, 119 S. W. 677; 92 Ark. 41, 121 S. W. 1056; 90 Ark. 494, 119 S. W. 648.

McCULLOCH, C. J. Max Less, the appellant, instituted in the Crittenden Circuit Court an action against

appellee, Grismore-Hyman Company, to recover possession of a lot of sawlogs alleged to have been cut from a certain tract of land in that county owned by appellant. A delivery bond was given by the defendant in the action, in accordance with the statute (Crawford & Moses' Digest, § 8649) with appellee, United States Fidelity & Guaranty Company, as surety.

The trial of the cause resulted in a verdict in favor of appellant for recovery of the logs, and fixing the value thereof at the sum of $1,010.30. The trial court rendered judgment in favor of appellant, pursuant to the verdict, for the recovery of the logs, and an alternative judgment for $1,010.30, the value thereof. This judgment was rendered on December 1, 1920, and at a subsequent term of the court an alternative judgment for recovery of the money was rendered against the surety on the delivery bond. Thereafter appellant caused an execution to be issued against United States Fidelity & Guaranty Company on the alternative money judgment, and on January 19, 1922, while the execution was in the hands of the sheriff, both of the appellees, Grismore-Hyman Company and United States Fidelity & Guaranty Company, filed a motion to quash the execution on the ground that the judgment had been satisfied by a return of the property, in accordance with the judgment, and the payment of the costs of the action. The motion was heard by the court on oral testimony, and appellees introduced proof tending to sustain the allegation of their motion that the judgment had been satisfied. After hearing the evidence, the court made an order quashing the execution, and an appeal has been prosecuted to this court.

Conceding that there was a conflict in the testimony, we are of the opinion that there was sufficient evidence to sustain the finding of the court that the judgment had been satisfied.

It appears from the testimony that the logs in controversy were cut on appellant's land, and that they were lying on the land when the original action was in-

stituted by appellant to recover possession. The logs had been cut by one Herbert, who was also a party, and Herbert had sold and agreed to deliver the logs to Grismore-Hyman Company at the mouth of Tyronza River. Appellees did not remove the logs from the land, but let them remain there until after the termination of the action and the rendition of the judgment in favor of appellant; and the testimony of Herbert and Hyman, who were introduced as witnesses in the case, tended to show that, after the judgment was rendered, a delivery was tendered to appellant, and that the latter accepted the same and actually took possession of the logs. In support of this testimony there was introduced in evidence a letter written by appellant to Herbert, in response to the latter's offer to buy the logs, showing that appellant had accepted the logs and had them in his possession, and refused to sell them to Herbert or to permit Herbert to go on the land for any purpose.

The alternative judgment for the value of the property was for the benefit of the plaintiff in the action. *Swantz* v. *Pillow,* 50 Ark. 300. But a surrender of the property and acceptance thereof by the plaintiff necessarily satisfied the judgment, except as to costs, and the proof in the case is that appellees paid the costs. The proof does not show that appellees actually made a tender to appellant with the logs present, but it does show that they offered to turn the logs over to appellant while they were still on his land, and that appellant thereafter treated them as his own property. If the logs had been in a damaged condition at that time, appellant had the right to refuse the offer of delivery, but it does not appear, from the evidence, that they were damaged; on the contrary, there is sufficient evidence that he accepted delivery and thereafter treated the logs as being in his possession.

We are of the opinion that the finding of the circuit court is supported by sufficient evidence, and the judgment is therefore affirmed.