## HUTCHINSON GIN CO. v. LATIMER COUNTY NAT. BANK.

No. 14792—Opinion Filed Oct. 14, 1924.

Rehearing Denied Feb. 17, 1925.

**1. Replevin — Order of Delivery Before Judgment Unnecessary.**

An action for the recovery of specific personal property may be maintained in the county or district courts of this state, although no order is issued for the delivery of such property before judgment.

**2. Property—Possession — Presumption of Continuance.**

Possession being a fact continuous in its nature, when its existence is once shown, it will be presumed to continue until the contrary is proven.

**3. Pleading — Allegation of Agency—Failure to Deny Under Oath — Evidence Without Objection.**

An allegation of an agency in a pleading must be taken as true unless denied under oath; but, if no objection is made to the introduction of evidence to prove or disprove agency, then this statutory requirement is waived, and in such a case it is the duty of the court to submit the issue of agency as though the pleading denying agency were verified.

**4. Replevin—Right to Return of Property —Separate Valuation Unnecessary.**

Our statute does not require a separate valuation, and under the rule in this state

the property must be returned, if a return is possible. The defendant is not given the option to return the property or pay its value.

(Syllabus by Thompson, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Latimer County National Bank, a corporation, against tne Hutchinson Gin Company, a corporation, for the recovery of certain cotton, or the value thereof. Judgment for plaintiff. Defendant brings error. Affirmed.

Horton & Gill and Moore & Harries, for plaintiff in error.

J. E. Layden and Monk & McSherry, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Pittsburg county, Okla.. by the Latimer County National Bank, of Wilburton, Okla., a corporation, defendant in error, plaintiff below, against the Hutchinson Gin Company, a corporation, plaintiff in error, defendant below, in replevin to recover certain cotton, in which the defendant in error claimed special ownership by virtue of certain chattel mortgages, duly filed of record, covering said cotton, which mortgages were given as security for a loan made by the defendant in error to one R. L. Cochran, who sold said cotton to the plaintiff in error.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The petition is in the ordinary form in replevin claiming special ownership in the property by virtue of the mortgages of record. Copies of the note and mortgages, covering said cotton, were attached to the petition as exhibits.

Affidavits and bond in replevin were filed but no order in replevin was ever served and levied upon the cotton described.

The defendant answered the petition by way of general denial and pleaded the uncertainty of the description in the mortgages, that the mortgages were not filed in accordance with the law, that the mortgagor, R. L. Cochran, was authorized by plaintiff to sell the said cotton to the defendant and was plaintiff's agent, that he was generally authorized to sell cotton as plaintiff's agent, and pleaded that plaintiff was estopped by virtue of said authorized agency from recovering the cotton sued for herein.

The plaintiff replied and denied the agency, denied that R. L. Cochran ever acted as plaintiff's agent in the sale of cotton, and alleged that the defendant had actual notice of plaintiff's rights under its mortgages to said cotton prior to the date it purchased the same.

Upon these issues the cause proceeded to trial before a jury, and at the close of all the evidence in the case the jury returned its verdict in favor of the plaintiff and against the defendant for the recovery of the cotton, or its value in the sum of $642.-01, with interest from the 5th day of October, 1921.

Motion for new trial was filed by the defendant, overruled by the trial court, exception reserved, and judgment rendered upon the verdict of the jury in favor of the plaintiff for the recovery of the cotton described, or its value in the sum of $642.01, and from said judgment the defendant appeals to this court for review.

Attorneys for defendant set up 20 assignments of error, but content themselves to argue the same under the following heads:

"1. The plaintiff could not maintain its suit for the reason that the action was in replevin, and there had been no return by the sheriff of the order of delivery of the property, for the possession of which the action was brought, showing that the sheriff had ever taken possession of said property, and because it did not otherwise appear at the trial that said property was in the possession of the defendant at the time of the commencement of said action, or that said property had been taken into the possession, custody or control of the court.

"2. The mortgagor, under the pleadings and evidence in the case, was the agent of the plaintiff and had the right to sell on the market the property in controversy.

"3. The trial court should have permitted the defendant to introduce testimony in respect to the robbery of Cochran, the plaintiff's agent, and especially in order to meet the plaintiff's evidence on that point, and the trial court should not have instructed the jury that the robbery had no part in the case and could not be considered by them.

"4. The trial court should have permitted the defendant to show, in dealing with the question of agency, and the custom of the plaintiff's permitting its mortgagors to sell on the market mortgaged property, that all it cared about Cochran was the delivery of the proceeds; and should have permitted the defendant to show that it allowed all of its other mortgagors to do likewise, as tending to show that it had also permitted Cochran so to do."

"5. That the court erred in admitting certain testimony.

"6. That the court erred in accepting the verdict in the form in which it was rendered."

The evidence discloses that Cochran owed the plaintiff bank a balance of $1,960.71, evidenced by a promissory note and secured by mortgages, covering, among other things, the cotton sued for in this action. One of the mortgages and the note showed a discrepancy in the dates, but the evidence showed that they were made and executed at one and the same time, and that the mortgages were duly placed of record, that the defendant was engaged in ginning and buying cotton at Hartshorne and sent its cotton to the compress at McAlester, that Cochran sold the cotton to the Hutchinson Gin Company, and it is admitted that it was delivered to the gin company, and that the gin company paid Cochran for the cotton, and Cochran testified that he deposited the money due for the rent to the credit of the landowner in the bank at Hartshorne, and secured the balance in cash, and claimed that he was robbed of the cash on the way from Hartshorne to his home.

The evidence on part of plaintiff is that plaintiff, through two of its officers, had informed R. E. Hunter, the manager of the defendant company, that it had a mortgage on the cotton grown by Cochran, that it never authorized Cochran to sell this cotton or to carry the cotton out of the county and deliver it to the defendant, that when plaintiff learned of the sale, its officers immediately went to Hunter and reminded him of the fact that he had been notified not to buy the cotton. This was denied by Hunter and he denied that they had ever given him any notice that plaintiff held a mortgage on the cotton, that defendant had paid $858.70 for the cotton from which was deducted $216.69 for rents, leaving a balance of $642.01.

The evidence is conclusive that the cotton sold by Cochran and bought by defendant was the identical cotton covered by the mortgages.

This, in substance, is the important testimony in this case.

Attorneys for defendant complain that the order of replevin was not served and the property taken into the possession of the sheriff, but the evidence is abundant that the defendant went into possession of the cotton by purchase from Cochran, and that it was either on its trucks or at the depot or at the compress at McAlester, subject to the order of the defendant, at the time the plaintiff's officers made the inquiry concerning it immediately after the sale.

Under our statute an action in replevin can be maintained without the issuance or service of the order in replevin. We agree with counsel for the defendant that, a replevin action and an action for conversion being inconsistent, remedies will not lie in the same action. Whatever may have been said by the court and counsel for defendant during the trial of the cause, the record shows this case was commenced, tried, and submitted to the jury as an action in replevin, and not as an action for conversion. We also agree with the argument of counsel for defendant and the authorities cited, that an action in replevin will not lie against the defendant, who is not either in actual or constructive possession of the property for which suit is brought at the time the action is commenced, but this court has decided, in the case of Wails v. Farrington, 27 Okla. 754, 116 Pac. 428, that where possession, as in this case, is shown to have once existed in the defendant, the law will presume that such possession does continue until the contrary is proven, the court using this exact language·

"Possession being a fact continuous in its nature, when its existence is once shown, it will be presumed to continue until the contrary is proved."

The defendant admitted, as heretofore stated, that it entered into possession of the cotton, and its manager and other witnesses were placed upon the witness stand, but did not testify that it was not still in defendant's possession and nowhere in the record is it disclosed that it ever parted with the possession thereof, then, under the authority of the above quoted case, it was not necessary for the plaintiff to prove any other or further fact than that defendant entered into possession of the property. We are, therefore, of the opinion that the first contention of attorneys for defendant cannot be sustained.

The question of the agency raised by counsel was properly submitted to the jury under the disputed question of fact, and under the conflicting testimony of the officers of the bank denying agency and the testimony of Cochran, who testified that he was the agent, and the rule to be applied here is if there is any evidence reasonably tending to support the verdict of the jury, it will not be disturbed by this court on appeal, and we hold that the evidence here is ample to sustain the verdict of the jury as against defendant's contention.

It is further contended by defendant that

the reply of plaintiff to the allegations of agency is not verified, and that agency of Cochran was therefore admitted. This contention might be true had not the defendant waived the right to assert this proposition by the introduction of evidence on its part to show agency, and by not objecting to the testimony offered by plaintiff upon the question of agency. This court has decided adversely to the contention of defendant, where such condition, as exists here, was presented in the case of Burford v. Hughes, 75 Okla. 150, 182 Pac. 689, as follows:

"An allegation of an agency in a pleading must be taken as true unless denied under oath; but, if no objection is made to the introduction of evidence to prove or disprove agency, then this statutory requirement is waived, and in such a case it is the duty of the court to submit the issue of agency as though the pleading denying agency were verified."

The third contention of attorneys for defendant cannot be sustained for the reason that the question of whether Cochran was robbed or not, or whether he kept the money himself, was not an issue in this case, but the sole and only question was the right of plaintiff to the possession of the cotton, or its value under its note and mortgages, and to recover the same as against the purchaser, the defendant company. The guilt or innocence of Cochran was not in issue.

The fourth contention cannot be sustained for the reason that evidence was admitted on the matters complained of in said objection, and whether the plaintiff had allowed, generally, its other customers to sell mortgaged property on the market did not matter here as against the specific evidence that it had not so authorized Cochran, and in face of the fact that the plaintiff's agents had notified the defendant that it had the mortgage on the Cochran cotton and was watching it, as testified to by plaintiff's agents, and defendant had both actual and constructive notice of plaintiff's claim.

We have examined the evidence admitted by the court and objected to by the defendant, and we are of the opinion that the admission of said testimony did not, in any way, prejudice the rights of the defendant, and, if error at all, it was not such error as would authorize reversal in this case.

The sixth and last contention is that the verdict is not in proper form, in that it did not set the value on each article of property involved in the action separately. The evidence discloses that the property involved here consisted of bales of cotton and cotton

in the seed, which last was ginned by defendant, and that it was all sold at one and the same time, and therefore there was not a question of difference in the value and, as heretofore found in this opinion, that the presumption is that the cotton was still in the possession of the defendant, in our opinion, it was not necessary that the jury should set a separate value on each bale of cotton, under the circumstances disclosed by the record here. This case is unlike a case where the separate articles are of different kinds and classes, and there does not appear to us any good reason founded, either in law or fact, to require the jury to return separate values on each bale of cotton.

We are, therefore, of the opinion that there is no substantial error in the record in this case and that for the reasons heretofore set forth in this opinion, the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.