MILLER *v.* GORDON.

Opinion delivered July 5, 1926.

1. REPLEVIN—FORM OF JUDGMENT.—The proper practice in actions of replevin is to render judgment for money, or, in the alternative, for the return of the property, unless it appears that the property cannot be returned.

2. APPEAL AND ERROR—PRESUMPTION IN FAVOR OF JUDGMENT.—Where an unconditional money judgment in a replevin suit was rendered, it will be presumed on appeal that the property could not be returned.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; affirmed.

*G. W. Matthews,* for appellant.

*W. K. Oldham, Jr.,* for appellee.

HUMPHREYS, J. One opinion will suffice in the two cases, as the same question is involved in both. They are replevin suits, No. 9247 being to recover a Wilbourne wagon 2 3-4, of the value of $115, which appellee sold to Alex Miller and Rice Miller and retained title therein until the purchase money was paid; and No. 9248 being to recover a bay horse mule, a bay mare mule and two cows and calves of the value of $193, which were embraced in a chattel mortgage executed by Francis Miller to appellee. When the writs of replevin were served, each appellant, in order to retain the property, gave a bond signed by each with the other appellants as sureties, which bonds are as follows:

"We undertake and are bound to the plaintiff, George R. Gordon, in the sum of two hundred thirty

($230) dollars, that the defendants, Alex Miller and Rice Miller, shall perform the judgment of the court in the above entitled case.

"Dated this 27th day of May, 1924."

"We undertake and are bound to the plaintiff, George R. Gordon, in the sum of four hundred dollars ($400), that the defendant, Francis Miller, shall perform the judgment of the court in the above entitled cause.

"Dated this the 27th day of May, 1924."

Default judgments were rendered against the appellants and their bondsmen in the cases in the court of the justice of the peace where the suits were brought, from which appeals were prosecuted to the circuit court. When the cases were called for trial in the circuit court, appellants failed to appear, whereupon default judgments were again rendered against appellants and their bondsmen for the value of the property involved in each suit, from which appeals have been duly prosecuted to this court.

The respective appellants contend for a reversal of the judgments against them upon the alleged ground that the trial court erred in rendering unconditional money judgments against them, whereas he should have rendered judgments in the alternative for the return of the property or its value. It is usual and proper in replevin suits to render judgments in the alternative for the return of the property unless it appears, for some reason, that the property cannot be returned. In that case it is proper to render an absolute money judgment for the value of the property. *Cathey* v. *Brown,* 70 Ark. 348, 68 S. W. 31. We must presume that the testimony in these cases disclosed some good reason why the property could not be returned, and that the absolute money judgments were rendered against the appellants on that account. This presumption will be indulged where default judgments were rendered and where the contrary is not made to appear, for every presumption must be indulged in favor of the validity of the judgments.

No error appearing, the judgments are affirmed.