JOHNSON *v.* BYRD.

4-6781                                    164 S. W. 2d 895

Opinion delivered October 5, 1942.

*Hardin & Barton* and *Mark E. Woolsey,* for appellant.

GRIFFIN SMITH, C. J. March 13, 1941, J. W. Johnson filed suit in replevin, alleging ownership of a red heifer claimed by C. T. Byrd. A six-man jury in the justice court of Jeff White found in the plaintiff's favor. Judgment was for the heifer and $15. Johnson had alleged the heifer to be worth $15, and had asked $30 as damages.

On appeal a circuit court jury found for the defendant (Byrd) "$50 or the calf in question."[1]

Three errors (copied in the margin)[1] are urged.

*First.*—Appellee testified he got the heifer from a brother about March 15, 1939, and took it home. The calf was born in April, 1938. Appellee turned it out to graze on the open range. For a time it returned to appellee's home with other cattle, then disappeared. Byrd and his wife, while driving on the highway in February, 1941, saw the animal pasturing with some of appellant's stock. The two testified that they recognized it, and made definite identification in general terms. Byrd's statement was that ". . . my heifer is a three-year-old, past, and not a two-year-old, past." Undisputed facts are that when the trial was had before Justice of the Peace White the heifer had not lost any of its so-called "milk teeth"; also, that when trial was had in circuit court the animal still retained ". . . two large center front teeth and the rest were milk teeth."

Farmers' Bulletin No. 1721, U. S. Department of Agriculture, is attached to appellant's brief. Using the bulletin as an authority, it is argued that the heifer could not belong to Byrd because of the admitted condition of its teeth; therefore, it is insisted, the evidence is contrary to recognized laws of nature.

[1](a) "The verdict of the jury was contrary to and not supported by any substantial evidence."

(b) "The trial court erred in instructing the jury over the objection and exception of the plaintiff that the burden rested upon the plaintiff to prove by a preponderance of the evidence that the animal in question was the property of the plaintiff."

(c) "The trial court erred in not granting a new trial on the grounds of newly discovered evidence."

While we find it difficult to understand how appellee and those who testified for him were able to definitely identify the animal, we are not willing to say the evidence was not substantial; hence assignment No. 1 must be dismissed.

*Second.*—Insistence is that because the heifer bore Johnson's mark, the burden rested upon Byrd to prove ownership, and the court's ruling to the contrary was erroneous. The mark was only evidential.

*Third.*—Was it essential that there be evidence of value? The only showing of worth is contained in the affidavit filed by Johnson, alleging that in March, 1941, the heifer was worth $15, and that damages were $30. Johnson has asked for another trial on the ground of newly discovered evidence, and says that if given the opportunity he will produce the heifer for a jury's inspection. The absence of evidence as to value was not raised in appellant's motion for a new trial, unless it be said that the general allegation that the verdict was contrary to the law and the evidence was sufficient. If the value be fixed at the lowest amount shown—that contained in the affidavit and bond—fifteen dollars would be the maximum recovery in the event the animal cannot be delivered, and the error complained of would be cured. *Keller* v. *Sawyer,* 104 Ark. 375, 149 S. W. 334.

Our holding that the value should be fixed at the lowest figure substantially dealt with does not give the party in possession the right to pay the alternative money judgment and retain the property. The owner has an absolute right to have his property restored if that can be done. *Bilby* v. *Foosh,* 90 Ark. 297, 119 S. W. 286; *Swantz* v. *Pillow,* 50 Ark. 300, 7 S. W. 167; *Miller* v. *Gordon,* 172 Ark. 1, 285 S. W. 359.

Affirmed.