L. C. BARSTOW ET AL., APPELLEES, v. LEO L. WOLFF, APPELLANT.

26 N. W. 2d 390

Filed February 28, 1947.    No. 32176.

*Mothersead & Wright,* for appellant.

*Heaton & Clinton,* for appellee.

Heard before PAINE, CARTER, YEAGER, and CHAPPELL, JJ., and NUSS, District Judge.

CARTER, J.

This is a replevin action in which the right of possession of the property replevied was found to be in the defendant. The defendant thereupon applied to the district court for a special execution commanding the sheriff to return the property to him. The trial court denied the application and defendant appeals.

The record shows that plaintiffs replevied a quantity of livestock including 47 calves from the defendant. At the trial the jury found the right of possession of the livestock to be in the defendant and fixed the value of the calves at $1,880, they being the only property involved in this appeal. The trial court entered judgment on the verdict, adjudging that defendant was entitled to possession of the property; and in case the calves could not be returned, that he have judgment for $1,880, the value fixed by the jury. The defendant then applied to the court for an order directing the clerk of the district court to issue a special execution for the return of the calves only. The application was denied and defendant contends that the denial of the application was error prejudicial to the rights of the defendant.

We think it is elemental that a plaintiff who has obtained possession of property by replevin is required, after judgment for the defendant in the replevin action, to return the property to the defendant. The plaintiff under such circumstances has no right to elect to keep the property and pay the value thereof instead of returning the property. 1 Freeman on Executions,

(3d ed.) § 4, p. 9; McIntosh Livestock Co. v. Buffington, 116 Or. 399, 217 P. 635; Swantz v. Pillow, 50 Ark. 300, 7 S. W. 167. We find no case deciding this precise point in this state. On the other hand, it has been held that a defendant under such circumstances is required to accept the return of the property replevied as a satisfaction of the judgment. The judgment is in the alternative simply for the purpose of fixing the value so as to afford a measure of relief where the property cannot be returned. It seems to us that if a defendant is required to accept the property replevied as a satisfaction of the judgment in his favor, he has the correlative right to demand the return of the property and to use the enforcing powers of the court in obtaining such a satisfaction of his judgment.

It must not be overlooked that the basis of a replevin action is the right of possession of the property involved. When a plaintiff takes possession of chattel property by replevin and fails to sustain his case, there is an absolute duty on his part to return the property to the defendant, and this court has so held. Eickhoff v. Eikenbary, 52 Neb. 332, 72 N. W. 308. The relief granted by the judgment for the defendant is primarily the requiring of the return of the property. It is only when the defendant cannot secure a return of his property after the powers of the court have been exhausted in his behalf that he is obliged to accept the alternative money judgment. 1 Freeman on Executions, (3d ed.) § 4, p. 9. The provision of the statute providing for the fixing of the value of the property taken, and for a money judgment when a return cannot be had, is in derogation of the common law. It is a remedy that is available to the defendant when the enforcing processes of the court fail to secure a return of the property. Kunz v. Nelson et al., 94 Utah 185, 76 P. 2d 577; Waite v. Dolby, 8 Humphr. (Tenn.) 275; Robinson v. Richards, 45 Ala. 354; Garland v. Bugg, 5 Munf. (Va.) 166. The practical reason for such a rule is apparent in the case

before us. It is altogether possible that the 47 calves here involved were worth only $40 per head at the time of the trial, as the jury found; yet, due to subsequent rises of the market and the increased growth of the calves, or because of some special value to the defendant, they could now be worth much more than that amount to him. The defendant is not obliged to permit a plaintiff to elect to keep the property and pay the judgment if it be advantageous, or to return the property if its retention and payment of the money judgment would indicate a loss. Swantz v. Pillow, *supra*. One whose property has been wrongfully taken in replevin is not required to subject himself to such an inequitable procedure, otherwise, injustice would be done by the party at fault. Consequently, the trial court under the record here shown should have granted the application for a special execution directing the sheriff to find the calves and return them to the defendant. To do otherwise has the effect of depriving the defendant of one of the major benefits of the litigation.

The claim is advanced that the denial of the special execution was not prejudicial to the rights of the defendant and, even if so, it is not a final order. In view of what we have said to the effect that a positive duty on the part of plaintiff exists to return property wrongfully replevied, and that a defendant under such circumstances is entitled to exhaust the processes of the court in securing a return of his property, we are of the opinion that the refusal to award the special execution was a final order. It deprived the defendant of a writ having for its purpose the securing of his property without reference to the alternative money judgment. This deprived him of a substantial right. There is nothing in the record concerning the whereabouts of the calves. It must be presumed that they have remained in the possession of the plaintiffs since they were taken under the writ of replevin. Hutchinson Gin Co. v. Latimer County Nat. Bank, 106 Okla. 159, 233 P. 438. The fact

that defendant was entitled to the usual form of execution at the hands of the clerk of the district court upon the filing of a praecipe therefor does not operate to deprive defendant of the benefit of a more specific or adequate process at the hands of the court.

A court, competent to pronounce judgment, is generally competent to issue execution. An application for an order directing the issuance of a special execution is, generally speaking, an application for the enforcement of the judgment in a particular manner. If a litigant requests an execution to which the nature of the action and judgment entitles him, and it is within the power of the court to grant, a failure to order the issuance of the execution amounts to a refusal to enforce the judgment in a manner to which the applicant is entitled. It is, therefore, a final order within the meaning of section 25-1902, R. S. 1943, which provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

We think the learned trial court was in error in denying the application for a special execution directing the sheriff to place the defendant in possession of the replevied property. The order denying a special execution is reversed and the cause remanded with directions to order the issuance of the special execution as prayed.

REVERSED.

WENKE, J., participating on briefs.

YEAGER, J., dissenting.

I respectfully dissent from the majority opinion in this case. It is not that I do not think that the defendant was entitled to the special execution sought by him, because I am clearly of the opinion that he was. I am of the opinion that the judgment in the replevin

action entitled him to a special execution and that the only thing required of him to obtain it was to demand it, by proper praecipe, from the clerk of the district court.

If the demand had been made by praecipe it would have become the duty of the clerk of the court in his official capacity to issue the special execution, and then for failure of the clerk in the performance of his duty in this respect it would have become proper by appropriate proceedings against the clerk before the court to compel the issuance of the execution.

This is not a proceeding wherein it is sought properly to have a judgment modified so as to cause it to contain something which should have been properly contained therein, in which event I would agree that the ruling thereon would be a final order within the meaning of the law, but it is a type of ancillary proceeding not known to the law of Nebraska asking the court, after the case has been judicially disposed of, to give directions to the clerk in the performance of his official ministerial functions.

I fail to see how this failure or refusal to deny the application herein made may be considered a final order for the purpose of appeal to this court.