## TOWLE *v.* RAYMOND.

One who keeps and trains another's horse, at the owner's request, has a statutory lien for the keep, and a common-law lien for the training.

IN EQUITY. The circuit court finding, as matter of fact, that the plaintiff was indebted to the defendant for boarding and training the plaintiff's mare, and not finding any waiver of the right of lien, or any agreement inconsistent with it, held, as matter of law, that the defendant had a lien upon the mare in his possession, and a right to sell her in the manner provided by the statute of liens. The plaintiff excepted.

*Marston*, for the plaintiff.

*Hatch*, for the defendant.

DOE, C. J. The general rule is, that a bailee for hire, who bestows labor and expense upon personal property at the owner's request, has a lien upon the property lawfully in his possession, for his reasonable charges. 2 Kent Com. 635 ; *Bevan* v. *Waters*, 3 C. & P. 520 ; *Scarfe* v. *Morgan*, 4 M. & W. 270 ; *Dennett* v. *Cutts*, 11 N. H. 163, 166 ; *Wilson* v. *Martin*, 40 N. H. 88 ; *Jacobs* v. *Knapp*, 50 N. H. 71. For training the mare, the defendant had a lien at common law. The statute gave him a lien for her board, and a right to enforce both liens by sale. Gen. St., *c.* 125.

*Exception overruled.*