JOEL W. HARRIS *vs.* HIRAM WOODRUFF.

Suffolk. Nov. 15, 1877. — March 5, 1878. COLT & AMES, JJ., absent.

A person has a lien for the expense and skill bestowed upon a horse delivered to him to be trained for running races for bets and wagers in this Commonwealth.

REPLEVIN of a mare. Trial in the Superior Court, without a jury, before *Bacon*, J., who found that the plaintiff was entitled to recover, unless the defendant had a lien upon the mare by reason of her having been placed by her owner in the hands of the defendant to be kept, trained and improved; and also found that she had remained for that purpose in the defendant's possession, which, if nothing else appeared, would entitle him to a lien. But the judge further found that the mare had been placed in the hands of the defendant to be kept, trained and improved so that she might be used for running races for bets and wagers in this Commonwealth, and that she was so used while in the defendant's possession. The judge therefore ruled that the defendant had no lien on the property replevied, and found for the plaintiff. The defendant alleged exceptions.

*S. J. Thomas*, for the defendant.

*D. F. Crane*, for the plaintiff.

GRAY, C. J. Upon the facts found by the judge below, the defendant had a lien upon the mare in his possession, for the expense and skill bestowed in improving and training her so as to be in a condition to run at races. *Bevan* v. *Waters*, 3 Car. & P. 520; *S. C.* Mood. & Malk. 235. *Scarfe* v. *Morgan*, 4 M. & W. 270, 283. *Forth* v. *Simpson*, 13 Q. B. 680. 2 Kent Com. 634, 635. It may well be doubted whether the fact that the mare was, as the defendant knew, to be illegally used to run for bets and wagers, and was so used while in the defendant's possession, made the contract for training her illegal; and it is quite clear that, even if the parties were *in pari delicto, potior est conditio possidentis*, and the law will not assist the plaintiff to obtain possession of the mare, without paying the defendant for his services under the executed contract, by which the general owner had voluntarily transferred to the defendant a special property in the mare. *Scarfe* v. *Morgan*, 4 M. & W. 281, 282. *King* v. *Green*, 6 Allen, 139. *Cranson* v. *Goss*, 107 Mass. 439, 441.

*Exceptions sustained.*