WILLIAM GASLIN, JR., APPELLEE, V. ISABELLA RIT-
ZEL ET AL., APPELLANTS.
JOHN L. MCCAGUE, APPELLEE, V. SAME.

[FILED JANUARY 12, 1892.]

**Decrees:** PROCEEDINGS TO OPEN: INSUFFICIENT SERVICE.  In a
proceeding to open a decree rendered upon constructive service,
*held*, that as against the positive affidavits of two of the de-
fendants that they had no notice of the pendency of the action
the proof to show such notice was insufficient, and said defend-
ants were entitled to make their defense.

APPEAL from the district court for Douglas county.
Heard below before CLARKSON, J.

*George W. Covell* and *James B. Meikle*, for appellants,
cited: *Brown v. Conger*, 10 Neb., 238; *Savage v. Aiken*, 14
Id., 315.

*Howard B. Smith*, contra, cited: *Brown v. Conger*, 10
Neb., 238; *Savage v. Aiken*, 14 Id., 315; *Merriam v.
Gordon*, 20 Id., 405; *Cheney v. Harding*, 21 Id., 68;
*Merriam v. Calhoun*, 15 Id., 569.

MAXWELL, CH. J.

A decree was rendered against the defendants on service
by publication at the September, 1890, term of the district
court of Douglas county.  Afterwards, at the January,
1891, term of said court the defendants Isabella Ritzel and
Fredericka Bailey sought to open the decree, and be per-
mitted to defend.  On the hearing the district court over-
ruled their application and dismissed the same, from which
order the defendants appeal.  The affidavit of Mrs. Ritzel
is as follows:

"Isabella Ritzel, being first duly sworn, upon her oath
says: That she is one of the defendants in the aforesaid cause,

and that she is one of the heirs at law of Augustus Graeter, Sr., deceased, and that during the pendency of the aforesaid action against her and the other defendants herein, she had no actual notice thereof in time to appear in court and make her defense to this action; that she is one of the daughters of the said Augustus Graeter, Sr., and that she had no knowledge whatever of the pendency of said action or of the rendition of a judgment or decree therein until long after the rendition of such judgment and decree in this cause; that she is the owner of a one-sixth interest in the undivided half of the real estate described in the petition in this action, known and described as lots 3, 8, 9, and 12 in Griffin & Smith's addition to the city of Omaha, situate upon and being a part of the south sixty-three acres of the west half of the northwest quarter of section 28, in township 15 north, of range 13 east, of the sixth principal meridian, in Douglas county, Nebraska, as a daughter and one of the heirs at law of Augustus Graeter, Sr., deceased; that no other service was made or attempted to be made upon this affiant in this cause than by publication in a newspaper, and that five years have not elapsed since the rendition of the judgment and decree in this cause; that this affiant desires to have the judgment and decree rendered in this cause opened, and that she be let in to defend upon giving notice, as required by the statutes of the state of Nebraska, to the plaintiff in this cause, and upon complying with the orders of the court which may be made in this behalf as to the payment of costs, and upon filing a full answer to the petition in this cause."

The affidavit of Mrs. Bailey is as follows:

"Fredericka Bailey, being first duly sworn, upon her oath says: That she is one of the defendants in the aforesaid cause, and that she is one of the heirs at law of Augustus Graeter, Sr., deceased, and that during the pendency of the aforesaid action against her and the other defendants herein she had no actual notice thereof in time to appear in court

and make her defense to this action; that she is one of the daughters of the said Augustus Graeter, Sr., and that she had no knowledge whatever of the pendency of said action or of the rendition of a judgment or decree therein until long after the rendition of such judgment and decree in this cause; that she is the owner of a one-sixth interest in the undivided half of the real estate described in the petition in this action, known and described as lots 3, 8, 9, and 12, in Griffin & Smith's addition to the city of Omaha, situate upon and being a part of the south sixty-three acres of the west half of the northwest quarter of section 28, in township 15 north, of range 13 east, of the sixth principal meridian in Douglas county, Nebraska, as a daughter and one of the heirs at law of Augustus Graeter, Sr., deceased; that no other service was made or attempted to be made upon this affiant in this cause than by publication in a newspaper, and that five years have not elapsed since the rendition of the judgment and decree in this cause; that this affiant desires to have the judgment and decree rendered in this cause opened, and that she be let in to defend, upon giving notice, as required by the statutes of the state of Nebraska, to the plaintiff in this cause, and upon complying with the orders of the court which may be made in this behalf as to the payment of costs, and upon filing a full answer to the petition in this cause."

A notice of the application was duly given and answers duly filed.

One John I. Marshall made affidavit on behalf of the plaintiff as follows: " John I. Marshall, being first duly sworn, deposes and says: I was in Bradford, Pennsylvania, on September 3, 1890, and called at the home of Mrs. Fredericka J. B. Bailey, formerly Miss Graeter, and now wife of Sanford C. Bailey. I had a conversation with her relative to the former interests of her father, Augustus Graeter, Sr., and her brother, Augustus Graeter, Jr., in Douglas county, Nebraska. In reply to some inquiries by

me she stated that her brother, Augustus Graeter, Jr., had written to her sister, Mrs. Isabella Ritzel, concerning this property, and that later on some conveyances or transfers of that property had been made to him and the papers forwarded to him in Montana. She said she did not recollect the exact contents of the papers, but said they were conveyances or deeds, and that she left the matter to her brothers, Augustus, Jr., and Adolphus, to attend to. She said that she was not positive as to the time the deeds were made and forwarded to her brother, Augustus, but that she thought it was not long after a suit had been commenced against them concerning this property, and was probably in December, 1886; at least it was in cold weather; she could not positively say that it was in December; she further stated that she had not given the matter very much attention, as she had done about as her brothers suggested in the matter.

"As to the present condition of the matter, she said that she would be governed by whatever her sister, Mrs. Ritzel, would say or do, and whatever Mrs. Ritzel and Mr. Hyde, an attorney at Warren, Ohio, would do in the matter would be all right with her, her brother Adolphus being now dead. She further stated that she joined in the conveyance mentioned above at instance of her brothers, Augustus, Jr. and Adolphus, and her sister, Mrs. Ritzel.

"I state positively and unqualifiedly that Mrs. Bailey fixed the time of the conveyance sent to her brother, Augustus Graeter, Jr., in Montana by referring to said suits and that the exact words are as follows, to-wit: 'I think it was not long after suits had been commenced against us concerning the property that we sent the deeds; it was probably in December, 1886, at least it was in cold weather.' Mrs. Bailey further said she and Mrs. Ritzel were to have half, and their attorney the other half of whatever was obtained for their interest in the said property.

"I further say, that I am not a party, nor am I in any way or manner interested in said actions, nor am I in any way or manner interested in the property in dispute in said actions, nor in any real estate in Douglas county, Nebraska, nor am I an inhabitant of said county."

There is also the letter of Howard B. Smith and W. L. McCague to Alfred E. Graeter, and an affidavit of Mr. Smith; also letters of Mr. Graeter. We fail to find any authority, however, for Mr. Graeter to act for his sisters, the defendants, nor is there any sworn evidence that he informed them of the pendency of this action.

In answer to Marshall's affidavit Mrs. Bailey makes oath as follows: " Fredericka J. B. Bailey, being first duly sworn, upon oath says that she has carefully read a copy of an affidavit made by one Jno. I. Marshall, and sworn to on the 26th day of September, 1890, by him before Clinton W. Powell, a notary public in and for Douglas county, Nebraska, filed in the above entitled causes in the district court of Douglas county, Nebraska, on the 27th day of September, 1890, said copy being hereto attached and marked 'Exhibit A,' and she positively swears and avers that she did not state to John I. Marshall on the 3d day of September, 1890, 'that she thought certain deeds were made and forwarded to her brother, Augustus Graeter, Jr., not long after a suit had been commenced against them concerning this property, which was probably in December, 1886'; that she did not state to John I. Marshall what he swears were her exact words, as follows : 'I think it was not long after suits had been commenced against us concerning the property that we sent the deeds; it was probably in December, 1886, at least it was in cold weather.' Affiant further positively swears and avers that she did not have, nor did her sister, Mrs. Ritzel, have, any knowledge of the pendency of the said actions hereinbefore named until after the decrees had been rendered in the same."

Sec. 82 of the Code provides that "A party against

whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within five years after the date of the judgment or order, have the same opened and be let in to defend; before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order as provided by this section, shall be allowed to present counter-affidavits to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

These defendants swear in effect that they knew nothing of these proceedings until after the decree was rendered, and hence had no opportunity to make a defense. The proof produced on the part of the plaintiff fails to show such notice except by inference. Mr. Marshall evidently called upon Mrs. Bailey for the purpose of obtaining admissions from her in regard to her knowledge of the pendency of the action.

Such evidence must be scrutinized very closely and is liable to the imperfections of memory and the coloring which a willing witness may, unconsciously perhaps, give it. This court, however, will not, upon mere inference or unsatisfactory testimony, deprive a party of his right of defense. This is a right which pertains to every one and

no person should be deprived of it unless through lapse of time or his own neglect it is lost. The proof on the part of the appellee is not sufficient to overcome the sworn testimony of the defendants that they had no notice. The district court, therefore, erred in overruling the application. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.