SHADE SCOTT V. ALEXANDER BURRILL.

FILED APRIL 16, 1895.   NO. 5929.

1. **Appeal from Justice of the Peace:** PROCEDURE IN AP-
    PELLATE COURT.   Where a party to a judgment rendered by a
    justice of the peace files an undertaking for an appeal within
    ten days after the date of the judgment, but fails to file a tran-
    script of the proceedings in the district court within thirty days
    next following the rendition of the judgment, the appellee may
    file such transcript, and have the cause docketed; and the dis-
    trict court is authorized, on his motion, either to dismiss the
    appeal, or enter judgment in his favor similar to that rendered
    by the justice.   *Wilde v. Preuss*, 33 Neb., 790, followed.

2. ———: ———: REPLEVIN.   The above rule applies to actions of
    replevin before a justice of the peace, as well as to all other civil
    causes determined in justice courts.

3. **Replevin:** JUDGMENT: HARMLESS ERROR.   Where judgment is
    entered in favor of the defendant in an action of replevin merely
    for damages for withholding the property and costs, the plaint-
    iff cannot complain that no judgment was rendered against him,
    either for a return of the property, or for the value thereof, in
    case a return cannot be had, or the value of the possession of the
    same.   In such case the failure to render an alternative judg-
    ment is error without prejudice to the plaintiff.

ERROR from the district court of Cedar county.   Tried below before NORRIS, J.

*Miller & Ready,* for plaintiff in error.

*John Bridenbaugh, contra.*

NORVAL, C. J.

Plaintiff in error brought replevin before a justice of the peace to recover possession of seven head of cattle.   The property was taken under the writ and possession thereof delivered to plaintiff.   Upon the trial, which was held on March 30, 1892, the justice found the issues against the plaintiff and assessed the defendant's damages in the sum of $5, for which amount, with costs of suit, judgment was rendered.   Within ten days the plaintiff entered into and filed with the justice an appeal undertaking, but failed to perfect his appeal by filing the transcript of the proceedings in the district court of the county within the time prescribed by law.   More than thirty days after the entry of the judgment the defendant filed a transcript, had the same docketed in the district court, and at the first term of the court held thereafter, on motion of the appellee, a judgment was entered in his favor similar to that rendered by the justice, in accordance with the provisions of section 1011 of the Code of Civil Procedure.

The petition in error contains but a single assignment, namely, that the district court erred in sustaining the motion of the defendant to enter up the judgment in his favor. There is no error in the decision.   The proceedings in the district court were in strict compliance with the provisions of said section 1011 of Civil Code and the decisions of this court thereunder.   ( *Wilson v. Wilson,* 23 Neb., 455; *Slaven v. Hellman,* 24 Neb., 646; *Wilde v. Preuss,* 33 Neb., 790.)   The appellee was entitled, at his option, either to a judgment of dismissal, or one similar to that rendered by

the justice.  Section 1011 applies to actions in replevin tried before justice courts.

The point is urged that the judgment entered by the justice was not in the alternative, for a return of the property, or the value thereof, in case a return could not be had, as required by section 191a of the Code.  No judgment was rendered for either the value or for a return of the property, but merely for damages for the withholding of the property, therefore the plaintiff was not prejudiced by the failure to render an alternative judgment.  Had a judgment been entered in favor of the defendant for the value of the property, or the value of the possession of the same, without making provision for returning the property in lieu of the value, it would have been erroneous.

Again, the plaintiff did not prosecute error to the district court, but appealed, which cured all errors in the proceedings before the justice.  The judgment of the district court is

AFFIRMED.