RICHARDSON DRUG COMPANY ET AL. V. ALICE M. TEASDALL ET AL.

FILED OCTOBER 18, 1899. No. 9,909.

1. **Stare Decisis:** FORMER APPEAL. A decision of the supreme court, on a former appeal, of a question presented by the record is thereafter the law of the case, and the point ordinarily will not be reviewed.

2. **Replevin:** FINDINGS: DESCRIPTION OF PROPERTY: HARMLESS ERROR. Where a verdict in replevin finds for the defendant as to a portion of the property, the omission to describe therein the portion which the defendant is entitled to have returned is error without prejudice, when it is disclosed that all the property seized under the replevin writ has been destroyed by fire.

3. ———: ———: ———: JUDGMENT: HARMLESS ERROR. The failure, under the circumstance stated, to render an alternative judgment in such a case, for a return of the property, or its value in case a return can not be had, is error without prejudice.

4. ———: JUDGMENT AGAINST PLAINTIFF: RETURN OF PROPERTY. A plaintiff in replevin can not satisfy a judgment against him for a return of the property by offering to return other property of like kind and value, but must return, or offer to do so, the identical property replevied.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Affirmed.*

The opinion contains a statement of the case.

*John P. Maule,* for plaintiffs in error:

Defendants intermingled the goods conditionally sold with those afterward purchased.   It was impossible for plaintiffs to separate the new goods from those originally sold.   Defendants failed to identify the goods purchased by them subsequent to the conditional sale.   Plaintiffs, therefore, were entitled to recover the entire stock. See *People v. Bristol,* 35 Mich., 29; *Kreth v. Rogers,* 7 S. E. Rep. [N. Car.], 683; *Willard v. Rice,* 11 Met. [Mass.], 493; *Adams v. Wildes,* 107 Mass., 123; *Fuller v. Paige,* 26 Ill., 358; *Simmons v. Jenkins,* 76 Ill., 479; *Merchants Nat. Bank v. McLaughlin,* 2 Fed. Rep., 128; *Jenkins v. Steanka,* 19 Wis., 139; *Brackenridge v. Holland,* 2 Blackf. [Ind.], 377.

*Charles O. Whedon, contra.*

NORVAL, J.

This was replevin of a stock of merchandise.   A verdict, under the directions of the district court, was entered in favor of the defendants, and the judgment rendered thereon was reversed by this court.   See *Richardson Drug Co. v. Teasdall,* 52 Nebr., 698.   The cause was subsequently tried in the court below, and a verdict returned as follows:

"RICHARDSON DRUG COMPANY AND THE LINCOLN PAINT & COLOR COMPANY, Corporations organized under the Laws of the State of Nebraska, Plaintiffs,

v.

ALICE M. TEASDALL AND THOMAS L. TEASDALL, Defendants.

"We, the jury impaneled and sworn in the above entitled cause, do find that at the commencement of this

action the right of the property and of possession of the goods and fixtures originally delivered by the plaintiffs to defendants, under the contract between them, was in the plaintiffs.

"We further find that at the commencement of this action the defendants were the owners of a portion of the stock taken by the plaintiffs from defendants by the writ of replevin in this action, and were entitled to the immediate possession thereof.

"We further find that the value of said goods so owned by defendants, when taken by plaintiffs, was the sum of $750.

"We further assess the damages sustained by defendants by the wrongful taking of said goods at the sum of $276.35, which damages and value, amounting to the sum of $1,026.35, we assess as the amount defendants are entitled to recover from plaintiffs on account of the wrongful taking of said goods.

"J. YOUNGBLUT, *Foreman.*"

A motion for a new trial was made by the plaintiffs and overruled, and to reverse the judgment entered on the verdict plaintiffs have brought the case here. On January 27, 1892, plaintiffs sold defendants a stock of drugs and store fixtures, the contract of sale being in writing, a copy of which follows:

"This agreement, made and entered into by and between the Richardson Drug Company and the Lincoln Paint & Color Company, of the first part, and Thomas L. Teasdall and Alice M. Teasdall, his wife, of the second part, witnesseth: That said parties of the second part are to forthwith become the agents of the parties of the first part, and as such shall at once take possession of all the stock of drugs, chemicals, paints, oils, merchandise, and all fixtures belonging to said stock, at No. 1843 O street, Lincoln, Nebraska, and shall, as such agents, sell such goods at retail in the ordinary course of business and pay to the parties of the first part the sum of $100 in cash for each month for the first two months, and

the sum of $150 thereafter, until said parties of the second part shall have paid to the said parties of the first part the total sum of $2,000 net, the monthly payments to be commenced promptly on March 15, 1892, and to be made on the 15th day of each and every month thereafter, until the whole sum of $2,000 shall have been paid; and said parties of the second part shall receive no compensation for their services as such agents save the net profits of said business over and in excess of said amounts to be paid to said parties of the first part; and said parties of the second part agree and guaranty that all said profits shall be made, and all payments agreed made, without in any degree depleting said stock of goods. Said $2,000 shall be applied as follows: Sixteen hundred dollars ($1,600) to the Richardson Drug Company and four hundred dollars ($400) to the Lincoln Paint & Color Company, and said monthly payments shall be made to the Richardson Drug Company and by them divided as follows: 80 per cent to be retained by the Richardson Drug Company, and 20 per cent to be turned over as paid to the Lincoln Paint & Color Company, and when the total amount of the said $2,000 shall be paid, said parties of the first part shall transfer to said parties of the second part all their right, title, and interest in said stock of drugs and fixtures, but until said sum of $2,000 shall have been fully paid, the title to all said property shall be and remain in said parties of the first part. When said amount of $2,000 shall have been fully paid, said parties of the first part shall release and deliver to said parties of the second part all claims and evidences of indebtedness which they now hold against them.

"Witness our hands at Lincoln, Nebraska, this 27th day of January, 1892.

"ALICE M. TEASDALL.

"THOMAS L. TEASDALL.

"RICHARDSON DRUG COMPANY,

"AMOS FIELD, *Treasurer.*

"LINCOLN PAINT & COLOR COMPANY,

"M. WEIL, *Treasurer.*"

Possession was taken by the defendants of the goods mentioned in the contract, and they sold a portion thereof in the usual course of trade, and from time to time they purchased other goods of a like character, which were added to the stock. The defendants having failed to make certain payments provided for in the contract, plaintiffs replevied all the goods in the store, including those purchased by the defendants, subsequent to the making of the contract copied above.

It is urged that the verdict is contrary to law. We are relieved at this time of the necessity of construing the contract in question, since an interpretation was placed thereon when the cause was here before, and which decision has become the law of the case for all future proceedings. It was then determined that the contract was one of conditional sale, and that the vendors were entitled to a verdict only for such portion of the original stock conditionally sold as remained in the defendant's hands; that the latter had the right to have returned the goods by them subsequently bought and added to the original stock, and that the vendees' mingling of the goods absolutely purchased with those conditionally bought was neither wrongful nor fraudulent. Tested by these principles, the judgment is not contrary to law, since the jury awarded to the plaintiffs and defendants, respectively, the portion belonging them. The testimony adduced by the defendants tended to show that the value of the new goods purchased by them and taken under the replevin writ was over $1,500, and yet the jury by their verdict assessed the value thereof at $750, so the defendants and not the plaintiffs are prejudiced by the verdict.

It is insisted, however, that the defendants were not entitled to recover any portion of the goods or their value, for the alleged reason that they intermingled the new goods with those conditionally purchased from the plaintiffs, so that the new goods were incapable of being distinguished or identified. It is true the new goods were

placed on the shelves with the old ones, but this record fails to disclose that such intermingling was either wrongful or fraudulent. Besides there was evidence adduced on the trial, tending to show that the new goods were capable of being identified. Mr. Teasdall so testified when examined as a witness on behalf of the plaintiffs. Moreover, this suit was instituted upon the erroneous theory that the plaintiffs were entitled to all the goods contained in the store—the new and old alike—and the plaintiffs never called upon the defendants to make a separation of the goods. They can not be permitted now to urge that it was the duty of the defendants to have selected and delivered to them the goods conditionally purchased. Had the plaintiffs requested an identification of the goods, and defendants had refused to comply therewith, or had it been proven—which was not the case— that the goods were incapable of identification, then the authorities cited by plaintiffs would be in point.

Plaintiffs tendered the following instruction, which the court refused: "2. By the terms of the contract the defendants were required, until they had paid for the stock of goods turned over to them under it, to keep it up to its original value, namely, $2,000. When the plaintiffs brought this action they were entitled to take all the original stock there was in the store; and the goods of like character, mingled therewith, to the amount of $2,000. That is, the whole amount so taken must not exceed $2,000." The refusal of this instruction was in harmony with the former opinion in the case. The request to charge ignored the doctrine that plaintiffs could recover only the portion of the original stock which had not been sold by the defendants. The rule of *stare decisis* must control. The evidence is ample to sustain the verdict. Indeed it would have supported a finding that the property wrongfully taken from the defendants was of the value of more than $1,000. The plaintiff can not complain because the value of the property was assessed at a smaller sum than was justified by the evidence. See

*Ackerman v. Bryan*, 33 Nebr., 515. The court directed the jury to allow the defendant interest on the value of the property belonging to defendants as damages. This was entirely proper.

It is insisted that the verdict is insufficient in form, as well as indefinite and uncertain, in that it omitted to describe the property which the jury found belonged to defendants. No objection to the form or terms of the verdict was made at the time the same was returned in the court below. Ordinarily, a verdict for defendant in replevin for a portion of the property seized under the writ should specify the property he is entitled to have returned, since the statute requires that the judgment entered on such verdict shall be in the alternative, for a return of the property, or its value in case a return can not be had. See Code of Civil Procedure, sec. 191*a*. But in this case plaintiffs were not prejudiced by the failure of the jury to specify the property they found the defendants were entitled to have returned, inasmuch as the record discloses that the entire property replevied had been destroyed by fire, and therefore no portion could be returned to the defendants.

It is also urged that the judgment is erroneous because not in the alternative form, for a return of the property or its value. It having been established that the property in controversy had been destroyed by fire, and therefore incapable of being returned, plaintiff was not prejudiced by the failure to render an alternative judgment. See *Goodman v. Kennedy*, 10 Nebr., 270. But it is contended that the plaintiff had the right to return goods of a like kind to those replevied. This court has held the rule to be otherwise. See *Eickhoff v. Eikenbary*, 52 Nebr., 332. There is nothing in the other assignments of error which require special consideration. We have examined all of them, and find they are without error. The judgment is

AFFIRMED.