WILLIAM SULLIVAN, APPELLANT, V. HENRY HANSEN, APPELLEE.

FILED APRIL 3, 1914. No. 17,704.

1. **Replevin: DIRECTING VERDICT: IDENTIFICATION OF PROPERTY.** The affidavit and writ of replevin should identify the property replevied. If they fail to do so, and there is no evidence identifying the property taken under the writ as the property claimed by the plaintiff, the court should direct a verdict for defendant, although no objection is made to the affidavit and writ in that regard.

2. ————: **TITLE: EVIDENCE.** Evidence that the defendant agreed to give plaintiff 1,600 bushels of corn in settlement, and that they agreed that plaintiff should take the corn then in a certain crib, and if, upon measurement, it should prove to contain more than 1,600 bushels, the plaintiff should pay the defendant for the excess "whatever you get in Jackson, and, if less, you pay me," tends to prove an agreement on the part of defendant to make good the deficiency, if any, by the payment of money, but does not tend to prove any title or lien in favor of plaintiff in defendant's corn not contained in the specified crib.

3. ————: **JUDGMENT: HARMLESS ERROR.** In replevin, if the property has been delivered to the plaintiff, and the jury find for the defendant, the judgment must be "for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit." Rev. St. 1913, sec. 7833. If there is no alternative judgment for the value, and the property cannot be returned, such a judgment is very favorable to the plaintiff, and he cannot complain of the error. *Jameson v. Kent.* 42 Neb. 412.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Sullivan & Griffin* and *Alfred Pizey,* for appellant..

*J. J. McAllister, contra.*

SEDGWICK, J.

The plaintiff began this action before a justice of the peace in Dakota county, and, after trial and verdict against him, appealed to the district court for that county. After trial before that court and jury, the court instructed the jury to find a verdict for the defendant, and the plaintiff has appealed. After the appeal to this court, the defendant, Henry Hansen, died, and the action was revived against Simon C. Peterson, as administrator.

The affidavit in replevin and also the petition filed in the district court described the property as "182 bushels of corn." The petition stated the value to be $70. There was no attempt in either the affidavit or the petition to identify the property replevied. The original writ of replevin does not appear in the record, but the justice recited in his docket that he issued one. He also recited the sheriff's return, which says that he has replevied "the goods and chattels within described."

Mr. E. P. Riley testified that a certain farm cultivated by the defendant in 1910 "stands in the name of William Sullivan," and that the witness, in behalf of the parties entitled to the rent, made an agreement of settlement with Hansen as to the amount of corn that the landlord should have. He testified that the defendant offered to give him 1,600 bushels of corn in settlement of the rent, and that he told the defendant to give him the corn in a certain crib, and that if it turned out, upon measurement, that there were more than 1,600 bushels in the crib, "I will pay you whatever you get in Jackson, and, if less, you pay me." This was their agreement. This witness afterwards testified, upon cross-examination, that, if the corn was less than 1,600 bushels, "he was to deliver to me in Jackson," but this seems to be his conclusion as to the construction of

their agreement, since he does not attempt to change his testimony upon his direct examination, in which he gave the exact words of their agreement. This was an agreement to pay him the difference in money, and not in corn. It does not appear that the corn which the sheriff took under the writ was raised upon the premises referred to in the evidence. In fact, the contrary would appear, as this witness testified that Hansen "hauled the corn away" in February. The plaintiff failed to show that Hansen ever agreed to give him any corn, or that he had any claim whatever upon the corn that the sheriff took under the replevin writ.

There is no finding as to the value of the corn, nor as to defendant's damages, and no alternative judgment in case that a return of the corn to the defendant cannot be had, but the defendant does not complain of this. He seems to be satisfied that, although the corn must now be as old as the 1910 crop, he can still obtain a return thereof upon his judgment. It may be that by agreement some disposition of the corn has been made so that this judgment can be enforced.

As there was no error in the case except as against the defendant, and he is not complaining, the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.