Grafton,
No. 4303.

WILLARD G. HILTZ & a. v. CHARLES GOULD.

CHARLES A. GOULD d/b/a GOULD'S GARAGE v. WILLARD G. HILTZ & a.

Argued April 7, 1954.

Decided May 19, 1954.

*Frederic W. Harrington, Jr.* for Willard G. Hiltz and Herbert D. Hiltz.

*Maynard & Batchelder (Mr. Batchelder* orally), for Charles A. Gould.

BLANDIN, J.   The question here is whether it could be found that the defendant Gould in the trover action had a common-law lien on all the articles deposited with him by the Hiltz brothers in addition to any right he might have under our garageman's lien statute, which the plaintiffs claim alone could apply here.   R. L., c. 264, s. 39, as amended by Laws 1949, c. 58, s. 2, reads as follows:   "Any person who shall, by himself or others, perform labor, furnish materials, or expend money, in repairing, refitting or equipping any motor vehicle . . . under a contract expressed or implied with the legal or equitable owner, shall have a lien upon such motor vehicle . . . so long as the same shall remain in his possession, until the charges for such repairs, materials, or accessories, or money so used or expended have been paid."   For many years prior to the passage of our first statute on this subject (Laws 1925, c. 90, s. 1) there existed here and elsewhere a lien at common law in favor of anyone who upon request expended labor and materials upon another's property.   *Shapley* v. *Bellows,* 4 N. H. 347, 353; *Wilson* v. *Martin,* 40 N. H. 88, 90, 91; 53 C. J. S. 836.   There is nothing in the wording of our law to indicate that the Legislature intended to supersede or restrict the common-law lien and indeed such an interpretation would be contrary to the construction generally given such statutes.   *Braufman* v. *Hart Publication, Inc.,* 234 Minn. 343, 350; Jones on Liens (3rd *ed.*) 93; Sutherland, Statutory Construction (3d *ed.*) s. 7002; Crawford, Statutory Construction, s. 335.   It has long been recognized in this state that with one exception (*Standish* v. *Moldawan,* 93 N. H. 204) common-law and statutory liens may exist together and operate in aid of each other. *Towle* v. *Raymond,* 58 N. H. 64.   The common-law lien would

become effective here and a defense to the trover action for the truck and winch if the defendant did all the work under the same contract. *Diamond Match Co.* v. *Trust,* 98 N. H. 97, 99, and case cited; *Braufman* v. *Hart Publication, Inc., supra*; 25 A. L. R. (2d) 1037 n. Admittedly he worked on both the truck and the scoop. The winch was bolted to the truck and there was evidence that the winch, scoop and truck were to be operated together. One of the plaintiffs himself spoke of the property as "my unit." The defendant testified that the entire job was "billed as one bill, and it's altogether, one job." True, there was conflicting testimony on this and other issues, but these were for the jury to resolve. *Giguere* v. *Railroad,* 86 N. H. 294, 298.

The Court charged solely as to the statutory lien and never did mention the common-law lien nor the law applicable to it. The charge as given permitted the jury to determine whether the winch was an "accessory," as defined in the statute, to the truck or whether all the articles comprised a unit. But it did not make it reasonably clear to the jury, as is necessary (*Davis* v. *State,* 94 N. H. 321), that they could find that the work was all done under a single contract and hence the common-law lien attached to all the property because the defendants refused to pay for the scoop. *Braufman* v. *Hart Publication, Inc.,* 234 Minn. 343; 25 A. L. R. (2d) 1037 n. This was an error relating to a vital issue and as it was sufficiently called to the Court's attention, the exception must be sustained. *Nickerson* v. *Bentley,* 89 N. H. 533.

Since in the assumpsit action brought by Gould against the Hiltz brothers to recover for the value of his services, he has neither briefed nor argued any exceptions, they are deemed waived. The order is

> *In Hiltz* v. *Gould:  New trial.*
>
> *In Gould* v. *Hiltz:  Judgment on the verdict.*

All concurred.