ERVIN CLARK, APPELLANT, v. RAY OLDHAM, APPELLEE.

90 N. W. 2d 329

Filed May 31, 1958. No. 34262.

*Burbridge & Burbridge* and *James W. McGan,* for appellant.

*Frost, Meyers & Farnham,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant, the owner of the property involved in this litigation, made an arrangement with appellee to care for, train, and feed four horses for appellant so that they would be suitable for competition in the 1955 Ak-Sar-Ben racing meet held in Omaha. Possession of two of the horses was delivered to appellee during the first part of January 1955, a third one at a later date, and the fourth March 11, 1955.

The agreement of the parties concerning the care, feeding, and training of the horses was oral. The evidence concerning it consists of the testimony of appellant and the testimony of appellee which in this respect is sharply conflicting. Appellant said his agreement with appellee was that he, appellant, would furnish the horses, the feed for them, and all necessary "tack" or equipment; would deposit with the racing secretary the amount required to guarantee payment of the compensation of the jockeys who rode the horses; and would pay one-half of the incidental expenses such as jockey

fees, shoeing the horses, and doctor and drug bills that might be required. He testified that appellee agreed to care for, feed, and train the horses; to attend to all matters incidental to having them engage in racing; and to pay one-half of the incidental expenses. Appellant testified the amount received as purses won by the horses was to be divided equally between him and appellee and he was to receive no other compensation. Appellant testified he performed the agreement and at the commencement of this litigation he owed appellee no amount.

The testimony of appellee was that he was employed by appellant to care for, feed, train, and race the horses for a certain amount for each horse for each day the horses were in the charge of appellee and that appellant was to furnish all feed and all incidental requirements. Appellee testified that he performed all of his obligations under his agreement with appellant; that he had possession of the horses until June 18, 1955, when they were taken from him by appellant; and that appellant owed appellee $1,989.50 for his care and training of the horses and the feed bought and furnished them.

Appellant brought this replevin action June 18, 1955. The horses and equipment given by him into the custody of appellee were taken on a writ of replevin and the property was by the officer delivered to appellant. Appellant in his petition alleged that he was the owner of the property, was entitled to the possession of it, and that appellee wrongfully detained the possession of the property from appellant. Appellee admitted the ownership of the property by appellant, denied all other claims of appellant in reference to the property, and alleged that appellee was entitled to the possession of it because he had an agistor's lien thereon in the amount of $1,989.50 because of the feed, care, and training furnished the horses of appellant in the amount aforesaid. Appellee asked for an adjudication that he was entitled to the possession of the horses on June 18,

1955, by reason of his lien; that the possession of the horses be restored to him; or, in the alternative, that he be awarded recovery of the aforesaid amount from appellant. The reply was a denial of the new material contained in the answer.

The verdict of the jury was for appellee for money only in the sum of $1,989.50. The motion of appellant for a new trial was denied and a judgment for money only was rendered on the verdict in the amount thereof in favor of appellee and against appellant.

The issue in this case was whether or not appellee had, at the commencement of this case, a lien on the property involved and, therefore, had the right of the possession of it; and if he had, what was the value of his right of possession of the property. The evidence made a question for the jury. It would have sustained a verdict for either of the parties.

Appellant assigns error and claims prejudice because the trial court gave instruction No. 13 to the jury which is as follows: "If you find for the plaintiff that he was entitled to the possession of the horses and equipment on June 18, 1955, your verdict will be for the plaintiff. If you find that the defendant was entitled to retain the possession of said horses and equipment until the plaintiff had fully paid him for training services, feeding and care of said horses, your verdict will be for the defendant for the amount, if any, you find is owing by the plaintiff to the defendant." The second sentence of this instruction was, under the circumstances of this case, an incorrect statement of the law. Replevin is a possessory action. A judgment for money only in the amount of the lien asserted by appellee was not justified by the law. The verdict was obedient to the last sentence of the quoted instruction. It states: "We, the jury duly impaneled and sworn in the above entitled cause, do find for the said defendant, and fix the amount of his recovery at $1989.50." The trial court rendered a judgment in favor of appellee for money

only, and nothing more, for the amount of the verdict, with interest. The verdict was for the amount appellee claimed appellant owed him for his services or, in other words, it complied with the requirement of the instruction that "* * * your verdict will be for the defendant for the amount, if any, you find is owing by the plaintiff to the defendant." It was not for the value of the possession of the property taken by appellant from appellee or for damages for withholding the property from appellee. There was no evidence of any damages for withholding the property and the instruction did not permit a finding as to the value of any right of possession appellee had to the property. The verdict and the judgment are each contrary to the law of replevin as it is written in this state. The contents of a verdict favorable to the defendant in a replevin case are specified by section 25-10,103, R. R. S. 1943: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; for which with costs of suit, the court shall render judgment for the defendant." The characteristics of a judgment in a replevin case are declared in section 25-10,104, R. R. S. 1943: "The judgment in the cases mentioned in sections 25-10,102, 25-10,103 and 27-1509 shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit."

The act requiring judgment to be rendered for a return of the property or the value thereof in case a return cannot be had was passed in 1873. G. S. c. 57, § 1010, p. 713. It exists now as it was originally enacted. § 25-10,104, R. R. S. 1943. The object of an action of re-

plevin is to recover specific personal property, and liability for the value of the property accrues only if a return of the property cannot be had. Lee v. Hastings & McGintie, 13 Neb. 508, 14 N. W. 476; Barstow v. Wolff, 148 Neb. 14, 26 N. W. 2d 390, 170 A. L. R. 118.

The section of the act of 1873 referred to above was considered in Hooker v. Hammill, 7 Neb. 231, and this court therein concluded: "In replevin, where a verdict is returned in favor of the defendant, the judgment must be for a return of the property, or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding the property and costs of suit."

Singer Mfg. Co. v. Dunham, 33 Neb. 686, 50 N. W. 1122, approved the interpretation this court gave the provision requiring a judgment in replevin to be in the alternative when the finding is for the defendant: "In the case of Hooker v. Hammill, 7 Neb., 231, it was held that the provision of the statute requiring the judgment in cases like the one at bar, when in favor of the defendant to be in the alternative, is mandatory. This decision does not rest upon technical grounds only. But it is the right of plaintiff that the judgment should be in such form that he could discharge it by returning the property replevied."

The court has consistently maintained the doctrine of these cases concerning the necessity for an alternative judgment in replevin if the finding is favorable to the defendant and the circumstances of the case are essentially comparable to what they are in the present litigation. Securities Investment Corp. v. Krejci, 128 Neb. 763, 260 N. W. 396, affirms this doctrine: "Where property has been taken under a writ of replevin and delivered to plaintiff and the verdict is in favor of defendant, the judgment must be in the alternative for the return of the property or for its value, or for the value of defendant's possession, if it cannot be returned, and for damages for illegal detention. * * * The statu-

tory provision for an alternative judgment in an action of replevin, where the verdict is in favor of defendant, is mandatory." See, also, Alliance Loan & Investment Co. v. Morgan, 154 Neb. 745, 49 N. W. 2d 593; Landis Machine Co. v. Omaha Merchants Transfer Co., on rehearing, 142 Neb. 397, 9 N. W. 2d 198; Jackson v. Arndt-Snyder Motor Co., 122 Neb. 276, 240 N. W. 279; Martin v. Foltz, 54 Neb. 162, 74 N. W. 418; Foss v. Marr, 40 Neb. 559, 59 N. W. 122; Goodwin v. Potter, 40 Neb. 553, 58 N. W. 1128; Roberson v. Reiter, 38 Neb. 198, 56 N. W. 877; Manker v. Sine, 35 Neb. 746, 53 N. W. 734.

It is mandatory that the trial court, without request, correctly instruct the jury as to any issue in the case supported by evidence and a failure to do so is generally prejudicial. Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N. W. 2d 224; Platte Valley Public Power & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N. W. 2d 200; Zorinsky v. American Legion, 163 Neb. 212, 79 N. W. 2d 172. The trial court failed to perform this duty and its default requires that the judgment in this case be reversed.

Appellee argues that appellant cannot effectually complain of error committed at the trial because the record does not establish that the property taken on the writ of replevin was capable of being returned to appellee. He says the burden was on appellant to prove that the property involved was available and capable of being returned to appellee. The suggested authority for this is Goodman v. Kennedy, 10 Neb. 270, 4 N. W. 987, in which it is said: "The statute provides that judgments in replevin, when in favor of the defendant, shall be for a return of the property, or for the value, if a return cannot be had, and damages. * * * But, however this may be, before the plaintiff can complain of such omission he must show that the property is capable of being returned." The author of the quoted statement did not support it by citation of authority. It was

said in a later case, Lee v. Hastings & McGintie, *supra:* "A judgment in an action of replevin, under the act of 1873, must be in the alternative—for a return of the property, or in case a return cannot be had the value thereof, unless it is shown by the record that a return could not have been had." This decision made no mention of who is responsible for making the record show "that a return could not have been had." However, this was a departure from the dogmatic statement of the former case that the plaintiff must show that the property was capable of being returned.

Manker v. Sine, *supra,* recites: "The judgment is erroneous because it was rendered for money absolutely, and was not in the alternative, for a return of the property, or the value thereof in case a return could not be had, as required by section 191a of the Code. * * * It is argued by counsel for defendant that the statutory provision for alternative judgment is for the benefit of the defendant alone, and that he has the right to waive a return, and take judgment for the value. Even if this were the true interpretation of the statute, which we do not concede, the record does not disclose that the defendant waived in the court below a return of the property, while it appears that he did pray a return of the property in his answer. Having requested that, the plaintiff had a right to expect, in case the verdict was against him, that the judgment would be in the statutory form. It does not appear that the property replevied cannot be returned. We cannot say that the judgment in the case at bar was to plaintiff's benefit. For aught that appears it might be to his injury to pay for the property instead of returning it. We think the plaintiff has the right to insist that the judgment shall be in the alternative." Appellee by his answer asked that the possession of the property be returned to him and appellant had the right to expect that if there was a finding for appellee the judgment would be an alternative one as the statute requires.

In Field v. Lumbard, 53 Neb. 397, 73 N. W. 703, this court said: "It was further held in Goodman v. Kennedy that before the plaintiff can be heard to complain that the judgment was absolute, he must make it appear that a return is practicable. This case was cited on this point in the recent case of Eickhoff v. Eikenbary, 52 Neb. 332, but the point was not there considered necessary to a decision, and was guarded accordingly. In Manker v. Sine the burden of proof was otherwise stated, and it was made the duty of the defendant to show that a return could not be had."

Barstow v. Wolff, *supra,* speaking on this subject, states: "There is nothing in the record concerning the whereabouts of the calves. It must be presumed that they have remained in the possession of the plaintiffs since they were taken under the writ of replevin. Hutchinson Gin Co. v. Latimer County Nat. Bank, 106 Okla. 159, 233 P. 438."

It is concluded that the argument of appellee in this regard is without merit and that appellant was not required to establish at the trial that the property, the subject of the action, was available and capable of being returned to appellee. If appellee desired to avoid an alternative judgment, he had the burden of showing that the property could not be returned to him.

This court has determined in some instances that disregard of the statute concerning the rendition of an alternative judgment in replevin when the finding was for the defendant was error without prejudice. Jameson v. Kent, 42 Neb. 412, 60 N. W. 879, was such a case and therein it is said: "It will be observed that the trial court found the defendant had the right of possession only at the commencement of the suit; but it failed to assess the value of such possession. The court, therefore, could not, and did not, render judgment in any amount for the value of the right of possession. We fail to discover in what manner the plaintiff was prejudiced by the failure to render a judgment against him for

the value of the defendant's right of possession of the property. The error was in his favor. Kent (the defendant) is in no position to complain, since he introduced no evidence as to the value of his right of possession of the barn."

In Scott v. Burrill, 44 Neb. 755, 62 N. W. 1093, the complaint was that the judgment entered was not alternative for the return of the property or the value thereof if it could not be returned. It was disposed of in this manner: "No judgment was rendered for either the value or for a return of the property, but merely for damages for the withholding of the property, therefore the plaintiff was not prejudiced by the failure to render an alternative judgment. Had a judgment been entered in favor of the defendant for the value of the property, or the value of the possession of the same, without making provision for returning the property in lieu of the value, it would have been erroneous."

The claim of error made in Richardson Drug Co. v. Teasdall, 59 Neb. 150, 80 N. W. 488, based upon an omission to describe the part of the property which it was found defendant was entitled to have returned to him was held to be error without prejudice because it was disclosed that all of the property taken on the writ of replevin had been destroyed by fire.

Sullivan v. Hansen, 95 Neb. 779, 146 N. W. 983, was disposed of in this manner: "* * * If there is no alternative judgment for the value, and the property cannot be returned, such a judgment is very favorable to the plaintiff, and he cannot complain of the error. * * *."

Ulrich v. McConaughey, 63 Neb. 10, 88 N. W. 150, reviewed a considerable number of previous decisions of this court in replevin cases. It was shown therein that there was a stipulation of the parties that the property had been disposed of and could not be returned to the defendant. The syllabus contains the following: "A plaintiff in replevin who, by his own admission in open court, has disposed of the property delivered to him and

is not able to return it, will not be heard to complain that a judgment rendered against him is for the value of the property only, and not alternative, as prescribed by section 191a, Code of Civil Procedure. * * * The fact that plaintiff may have disposed of the property delivered to him under the writ, so that a return will not be possible, does not change the nature of the action so as to obviate the requirements of section 191, Code of Civil Procedure, as to the form of the verdict. * * * Such requirements should be complied with in every case, and failure to do so is ground of reversal wherever the findings required would be of benefit to any party in the cause or where the nature or amount of the interest of the prevailing party is in issue." The conclusion of the writer of the opinion is expressed therein in this manner: "* * * the cases where judgments have been reversed for failure to comply with the provisions of the Code as to the contents of the verdict are cases in which there was an issue as to the nature of the defendant's right. Moreover, in Richardson Drug Co. v. Teasdall, 59 Nebr., 150, this court treated the provisions as to form of the verdict and those as to form of the judgment as upon the same basis in this regard. * * * We do not wish to be understood as holding that the requirements of the section in question are nugatory and are not to be adhered to. As was said in Singer Mfg. Co. v. Dunham, 33 Nebr., 686, referring to said section, 'Such is the letter of the statute, and there is sufficient reason why it should be enforced.' Whenever the findings required by the Code can or may be of practical worth to any party in the cause, whenever the interest of the prevailing party is an issue, the findings there prescribed ·must be made."

The case last discussed does not conflict with what is here concluded concerning the present case. There was a definite issue as to the nature, extent, and amount of any interest of appellee. The claim of appellant was that he did not owe appellee any amount and that ap-

pellee had no interest in, lien upon, or right of possession of the property. The circumstances of this case made it mandatory that the relevant statutory requirements as to the findings in the verdict and the contents and form of the judgment be complied with. The defendant in a replevin action after judgment in his favor is required to accept a return of the property involved. The judgment is required to be in the alternative for the purpose of establishing the value of the interest of the defendant in the property or its possession to afford a measure of relief if the property cannot be returned. Defendant in such a situation is required to accept the return of the property which was taken from him on a writ of replevin as a satisfaction of the judgment for its return. A plaintiff is not obliged to permit a defendant to elect to demand payment of the judgment for the value of his interest in the property or its possession if he considers it advantageous to him or to require return of the property if he thinks its value is greater than the determination thereof made in the case. The right of a plaintiff to satisfy the judgment in a replevin case by a return of the property wrongfully taken on a writ of replevin is a valuable one. Barstow v. Wolff, *supra;* Manker v. Sine, *supra;* Lee v. Hastings & Mc-Gintie, *supra.* As was said in Singer Mfg. Co. v. Dunham, *supra:* "Such is the letter of the statute applicable to such cases, and there is sufficient reason why it should be enforced." Equally pertinent is the remark in Field v. Lumbard, *supra:* "It must now, therefore, be taken as established that the requirement is mandatory, and that either party may insist upon its observance." It cannot be said that compliance with the statutory requirements would not or could not have been of practical benefit to appellant.

The judgment should be and it is reversed and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

SIMMONS, C. J., dissenting.

My disagreement with the court in this case goes to three matters. The opinion does not discuss or decide the principal error assigned and argued by the plaintiff in this appeal. It decides a matter argued and in my opinion does so erroneously.

There were three questions tried and submitted to the jury in this case. (1) What was the contract between the parties? On conflicting evidence the jury decided that question in favor of the defendant. (2) How much did the plaintiff owe the defendant? The jury decided that question in favor of the defendant. The amount is not here questioned. (3) Was the defendant entitled to a lien on the horses for the amount found due? The jury decided that question in favor of the defendant. Plaintiff contends that the instruction upon which the finding is based was erroneous in that it included an element of debt for which defendant was not entitled to a lien; i.e., it included lienable and nonlienable items.

The assignment goes to instruction No. 13 which the court quotes. It is in part: "If you find that the defendant was entitled to retain the possession of said horses and equipment until the plaintiff had fully paid him for *training services*, feeding and care of said horses, your verdict will be for the defendant for the amount, if any, you find is owing by the plaintiff to the defendant." (Emphasis supplied to point out the specific error claimed.)

Defendant claimed a lien for training, care, and feeding of the horses. Plaintiff contends that under the provisions of section 54-201, R. R. S. 1943, the lien is limited to proper charges for feed and care and that the alleged contract charges of defendant included the nonlienable item of training, and that defendant's charges not being apportioned between lienable and nonlienable items the claimed lien must fail.

Defendant claims that there was a common law lien

for training race horses. He contends also that "care" of a race horse includes training under section 54-201, R. R. S. 1943. He also claims that section 52-601, R. R. S. 1943, is broad enough to cover this claim. I do not determine the two latter contentions.

It appears that at common law an agister as such did not have a lien but that the trainer of race horses had a lien for training services. 3 C. J. S., Animals, § 21, p. 1118; 2 Am. Jur., Animals, § 22, p. 710. The decisions sustain the text. Forth v. Simpson, 66 E. C. L. 681; Bevan v. Waters, 14 E. C. L. 693; Chase v. Robinson, 86 Vt. 240, 84 A. 867; Scott v. Mercer, 98 Iowa 258, 67 N. W. 108, 60 Am. S. R. 188; Harris v. Woodruff, 124 Mass. 205, 26 Am. R. 658; Jackson, Cook & Co. v. Holland, 31 Ga. 339; Grinnell v. Cook, 3 Hill (N. Y.) 485, 38 Am. Dec. 663; Othoudt v. Addison Fur Corp., 262 Mich. 481, 247 N. W. 723.

One who keeps and trains another's horse at the owner's request has a statutory lien for the keep and a common law lien for the training. Towle v. Raymond, 58 N. H. 64. The common law lien and the statutory lien may exist together and operate in aid of each other. Hiltz v. Gould, 99 N. H. 85, 105 A. 2d 48.

Accordingly I would hold that the trial court did not err in submitting to the jury the question of the defendant having a lien for training, feed, and care.

The contention is here for determination as to the validity of the amount of the lien. It is directly presented. If this cause is to be remanded and retried, the issue here discussed will again be presented. The question should be decided—yet the court ignores it.

In this connection the court without discussion or citation of authority holds: "There was no evidence of any damages for withholding the property and the instruction did not permit a finding as to the value of any right of possession appellee (defendant) had to the property." This is a matter not involved in plaintiff's argument here. The evidence was specific as to the

amount of the lien which defendant claimed and which the jury found to be true. The jury was permitted to find the amount "owing by the plaintiff to the defendant." The failure to determine the value of the right of possession and to allow a recovery for it cannot be detrimental to the plaintiff. It might be detrimental to the defendant who is not complaining. In my view the holding above quoted, if correct, will require a retrial—a material matter, as will appear later herein—and it is not a correct statement when tested by the rule of law repeatedly declared by this court.

We have held: Where the defendant in an action of replevin claims a special interest only in the property in controversy by virtue of a mortgage or other lien, *his measure of damage,* in case the property cannot be returned, is the amount of his lien with interest and costs, within the value of the property. (Emphasis supplied.) Creighton v. Haythorn, 49 Neb. 526, 68 N. W. 934.

This decision was followed in Jackson v. Arndt-Snyder Motor Co., 122 Neb. 276, 240 N. W. 279; in Hickman-Williams Agency v. Haney, 152 Neb. 219, 40 N. W. 2d 813; and in Underwriters Acceptance Corp. v. Dunkin, 152 Neb. 550, 41 N. W. 2d 855.

Here the parties made no particular effort to establish the value of the property. "No point" was made of it in the trial court.

In Landis Machine Co. v. Omaha Merchants Transfer Co., on rehearing, 142 Neb. 397, 9 N. W. 2d 198, we held: "In an action to replevin property claimed unlawfully distrained for personal taxes, if there is no evidence of the value of the property taken but no point is made thereof in the trial court, it will be presumed on appeal to this court that the case was tried on the theory that the property was worth more than the amount of the taxes, and judgment for defendant will not be reversed on the ground that it might have been less."

We need only substitute "lien" for taxes to make the

rule read: "* * * it will be presumed on appeal to this court that the case was tried on the theory that the property was worth more than the amount of the lien, and judgment for defendant will not be reversed on the ground that it might have been less."

I now go to the other matter with which I disagree. It is not mentioned in the plaintiff's assignments of error but is discussed in the argument.

The court holds that a verdict favorable to the defendant in a replevin action should conform to the requirements of section 25-10,103, R. R. S. 1943, because in the absence of the findings therein required there is no basis for the rendition of a judgment. The section provides: (1) "In all cases, when the property has been delivered to the plaintiff, * * *." That happened here. (2) "* * * where the jury shall find upon issue joined for the defendant, * * *." That happened here. (3) "* * * they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; * * *." Here the jury was instructed that if it found that the plaintiff was indebted to the defendant for training, feeding, and caring for the horses, the defendant had a lien on the horses and a right to legal possession until the claim was paid, and if it found that defendant was entitled to retain the possession of the horses until paid, then verdict would be for the defendant in the amount found to be owing. No error is claimed in this instruction as to that feature. There was, then, inherent in the jury's finding for the defendant, a finding that the defendant had the right of possession at the commencement of the suit—so that condition is met. (4) "* * * and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; * * *," which the jury did in this case. And (5) "* * * for which with costs of suit, the court shall render judgment for the defendant." That was done in this case. So there was full compliance with section 25-10,103, R. R. S. 1943,

in this case. The plaintiff by argument does not contend otherwise.

Section 25-10,102, R. R. S. 1943, is not directly applicable here. I mention it because it provides the same conditions as does section 25-10,103, R. R. S. 1943, if the jury "shall find that the defendant was entitled to the possession only * * * they shall assess such damages for the defendant as are right and proper; for which, with costs of suit, the court shall render judgment * * *."

Clearly the statutes require the verdict to determine the amount of the damages. There is no requirement that the verdict shall expressly find that the defendant was entitled to the possession.

I submit that the verdict is in full accord with the requirements of section 25-10,103, R. R. S. 1943. Whatever fault there may be in this matter relates to the *judgment* and not to the *verdict* under section 25-10,104, R. R. S. 1943. That is plaintiff's contention. Section 25-10,104, R. R. S. 1943, provides: "The judgment * * * shall be for a return of the property or the value thereof in case a return cannot be had, * * *." This clause clearly relates to the judgment in cases where the right of property has been found to be in the defendant. It does not apply here. The section further provides: "The judgment * * * shall be for a return of the property * * * or the value of the possession of the same, and for damages for withholding said property and costs of suit."

The judgment here did not provide for an alternative "return of the property."

Construing this provision the court lays down the rule that "the judgment must be in the alternative" and that the provision is "mandatory." The court then, contradicting the "must" and "mandatory" rule, states that a failure to do so may be "error without prejudice" and would not require a reversal, limiting, however, the rule to where the evidence establishes that "a return of the property cannot be had."

I now cite those decisions of ours relied upon by the court here, where we have repeatedly held that failure to follow the letter of the statute was not reversible error unless the error was prejudicial to the complaining party. Jameson v. Kent, 42 Neb. 412, 60 N. W. 879; Scott v. Burrill, 44 Neb. 755, 62 N. W. 1093; Richardson Drug Co. v. Teasdall, 59 Neb. 150, 80 N. W. 488; Ulrich v. McConaughey, 63 Neb. 10, 88 N. W. 150. I quote only from Ulrich v. McConaughey, *supra,* written by Commissioner Pound. The case involved an instruction that directed the jury to find *only* a money judgment and where the verdict was for a money recovery *only.* "In the analogous case of the alternative judgment required by section 191a of the Code (now section 25-10,104, R. R. S. 1943), after first holding that such requirement must be complied with absolutely in all cases, *this court* has come to the view that *a party who is in no way prejudiced by failure to enter the prescribed form of judgment can not complain thereof.*" (Emphasis supplied.)

The court then held that what is now section 25-10,103, R. R. S. 1943, did not require a different construction and it refused to hold "that the one (section 25-10,104, R. R. S. 1943) may be departed from with impunity, if no prejudice results, while the other must be adhered to absolutely in every case under pain of reversal of the judgment."

The court then held that what is now section 25-10,103, R. R. S. 1943, "or anything in the Code" did not require us "to reverse a judgment, otherwise right, at suit of one who is in no way prejudiced *by the informality.*" The court there held the instruction and the verdict, comparable to the ones here, to be free from reversible error. The instant decision of the court is directly contrary thereto. I would adhere to the reasoning and decision in Ulrich v. McConaughey, *supra.* In spite of the language above quoted, the court now holds that Ulrich v. McConaughey, *supra,* "does not

conflict with what is here concluded." I disagree.

Section 25-853, R. R. S. 1943, provides: "The court in every stage of an action *must* disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and *no judgment shall be reversed* or affected by reason of such error or defect." (Emphasis supplied.)

I would follow the decisions of this court and the provision of the statute that before a reversal can be had in a case of this kind, error prejudicial to the plaintiff must be shown. It is not shown here. Prejudice to the defendant is shown. He is not complaining.

The court here states the "error without prejudice" rule but limits it to one situation. As the matter now stands defendant has a judgment against the plaintiff for the amount the jury found due and owing to him. That finding is not assailed. Defendant has lost possession of the horses upon which the jury found he had a lien and for which defendant was entitled to possession. Plaintiff has the horses. If he surrenders possession of them to the defendant he loses possession and gains nothing, for he will still be owing the debt to the defendant. The surrender of possession will not satisfy the judgment. It would merely place the defendant in a position to enforce his lien. I submit that plaintiff is in no wise prejudiced by the alleged error in the judgment. Under the "prejudice must be shown" rule this judgment should be affirmed.

Section 25-10,104, R. R. S. 1943, contains the only statutory provision with reference to the alternative of a return of the property. The right to return of the property, absolute or conditional, is a matter of law. The jury has nothing to decide with reference to it, and hence the Legislature properly did not include any reference to it in either section 25-10,102 or section 25-10,103, R. R. S. 1943, which relate to the jury's verdict. The only requirement is in section 25-10,104, R. R. S. 1943, which specifically and directly relates to the

"judgment." For that reason throughout I have emphasized the word judgment.

Here the court takes language, regarding an alternative *judgment*, out of the section relating thereto and reads it into the section relating to the verdict. It cites no authority or reason for doing so.

If, however, this judgment is to be reversed because of failure to comply with the alternative requirement of section 25-10,104, R. R. S. 1943, it is not required that there be a retrial. The requirement would then be to remand the cause with directions to render a proper judgment.

We have so held in three cases cited and relied on by the court here.

Manker v. Sine, 35 Neb. 746, 53 N. W. 734, is one of the early "imperative" "mandatory" decisions. The judgment was reversed with instructions to render a judgment in the alternative. Roberson v. Reiter, 38 Neb. 198, 56 N. W. 877, followed Manker v. Sine, *supra,* and reversed and remanded with instructions to render judgment in the alternative.

In Landis Machine Co. v. Omaha Merchants Transfer Co., *supra,* again following Manker v. Sine, *supra,* we held: "If the judgment of the trial court in a replevin action is not in proper alternative form, a new trial will not be granted, but the judgment will be reversed and the cause remanded with directions to render a proper judgment upon the verdict."

Accordingly I would decide the question of lienable items as stated herein and follow Ulrich v. McConaughey, *supra,* and our decisions of like import. Ulrich v. McConaughey, *supra,* has never been modified, criticized, or overruled on the questions here involved. As to those it has been directly approved. See Ulrich v. McConaughey, 69 Neb. 773, 96 N. W. 645.

However as above stated, if the judgment is to be held to be erroneous, I would reverse the judgment and remand the cause with directions to render a proper

alternative judgment, although to do so "in this particular would be but an idle ceremony." Goodman v. Kennedy, 10 Neb. 270, 4 N. W. 987.